AZEL E. STEELE *vs.* CITY OF BOSTON.

Suffolk.   March 22. — June 25, 1880.

The city of Boston is not liable for an injury caused to a person on Boston Common by coming into collision with a sled on one of the paths thereon, upon which the city has permitted boys and men to coast in the winter season, and which the city has fitted for that purpose by building a bridge across it at an intersecting path, and by turning water upon it to freeze and render it slippery.

TORT for personal injuries occasioned to the plaintiff by being struck by a sled on Boston Common.   Answer, a general denial. At the trial in this court, before *Soule*, J., the plaintiff offered to prove the following facts:

The defendant, from time immemorial, has owned a tract of land enclosed by fences and used as a place of public resort for the recreation of the people, and known as Boston Common. This common is traversed by divers footpaths, leading in different directions, which have been made and kept in repair by the defendant, and to which access is gained from the streets through openings in the fence, in which posts are set so near together that only passengers on foot can pass between them.   One of these paths extends from a point near the intersection of Park Street and Beacon Street to a point nearly opposite the intersection of Tremont Street and West Street, on a downward grade for a considerable part of its length.   Before the plaintiff was injured, the defendant had permitted boys and young men to coast on and along this path on sleds, and had fitted the path for such coasting by building a bridge across it at an intersecting path, and by turning water from the defendant's water-pipes upon it to freeze and render it slippery.   The defendant had also kept a police-officer at the lower end of the path to prevent people from walking on it up the hill toward Park Street.   On February 15, 1875, the plaintiff, having occasion to go toward West Street, entered on this path, having first looked up and down it to see if any one was coming, and, seeing no one, for greater security stepped out of the path upon the gutter which runs beside it.   As he was walking down the hill, a sled came down behind him, struck him behind the

ankle, and knocked him down, and he received the injuries complained of.

The judge ruled that the above facts, if proved, would not sustain the action; ordered a verdict for the defendant; and, at the request of both parties, reported the case for the consideration of the full court. If the ruling was correct, judgment was to be entered on the verdict; otherwise, a new trial to be had.

*B. F. Butler*, for the plaintiff.

*J. P. Healy & J. Healy*, for the defendant.

MORTON, J. The presiding justice rightly ruled that, upon the plaintiff's offer of proof, the action could not be maintained.

There was no evidence offered that the footpaths on the common have ever been laid out as highways or town ways. The city holds the common for the public benefit, and not for its emolument, or as a source of revenue, and has constructed and kept in repair these paths as a part of the common for the comfort and recreation of the public, and not as a part of its system of highways or streets. It is not liable under the statutes for any defect or want of repair in them. *Oliver* v. *Worcester*, 102 Mass. 489. *Clark* v. *Waltham, ante,* 567.

The plaintiff contends that, if there is no statute liability, the city is liable " as owner of the land and the maker and repairer of the way upon which the plaintiff was invited to go." If a private person owned a similar park to which he had given the public free access, we are at a loss to see how he could be held liable for an accident like that of the plaintiff. Such person might, if he saw fit, set apart and fit for use one of the paths for th  recreation of youth in coasting, and if any one should, as was the case with the plaintiff, choose to enter upon the path, seeing that it was set apart for this purpose, he would do so at his own risk, and could not hold the owner responsible if he was injured by a passing sled. But even if a private owner would be liable, it does not follow that the city is. It maintains the common solely for the benefit of the public. If there is any legal duty to keep the paths in a safe condition, it is solely a public duty, for a breach of which no action lies by an individual who is injured, unless the statutes give such action. *Clark* v. *Waltham, ubi supra,* and cases cited. The city may legally set apart a portion of the common for the recreation of

the young. The fact in this case that it did so, and that it used means to fit it for the purpose for which it was set apart, does not render it liable to the plaintiff for the injury which he sustained. *Judgment for the defendant.*