## CITY COUNCIL OF AUGUSTA *v.* LOMBARD.

*Atkinson, J.*—1. When the question of the liability of a municipal corporation in an action for damages depended upon whether or not it had exercised reasonable care and diligence as to a particular matter connected with a business which the municipality was conducting for gain, and in which it was not exercising governmental functions, the fact that "in the opinion of the city officers" the proper diligence had been observed was not a good defense. Whether or not due diligence had been observed depended upon the facts as they existed, and not upon the views entertained of them by the municipal authorities. The rules for determining liability are the same as would be applicable to an action against a private corporation. See *City Council of Augusta* v. *Hudson*, 88 *Ga.* 599. .

2. If, in such case, the maintenance, use or discontinuance of certain water-gates were matters under the control and direction of the municipal authorities, it would make no difference, as to damages resulting from the removal of the gates, by whom, or for what purpose, they were originally erected.

3. The numerous assignments of error in admitting or refusing to rule out evidence, are not of sufficient weight or importance to require special notice.

4. An action for damages to specified articles of personalty resulting from an alleged tort, is amendable by averring dam-

ages to other articles of personalty caused by the same tort and at the same time. An amendment of this kind does not introduce a new and distinct cause of action, but is simply an enlargement of the cause of action originally set forth, and when made it relates back to the date upon which the declaration was filed.

5. Under the law as laid down in this case at the October term, 1893 (93 *Ga.* 284), and in view of the evidence submitted, the verdict in the plaintiff's favor was warranted, and there was no error in denying a new trial.　　　　*Judgment affirmed.*

August 3, 1896.

Action for damages. Before Judge Callaway. Richmond superior court. April term, 1895.

*W. T. Davidson* and *M. P. Carroll*, for plaintiff in error. *Black & Verdery* and *Boykin Wright*, contra.