Frederick L. Blair *vs*. D. L. D. Granger, City Treasurer.

<span style="float:right">| 24 | 17 |<br>| f24 | 187 |</span>

PROVIDENCE—MARCH 14, 1902.

Present : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Negligence. Highways. Parks. Municipal Corporations.*

Where a recovery is sought against a municipal corporation for injury on a highway in a park, the existence of the highway must be proved as such.

(2) *Municipal Corporations. Negligence. Corporate Duties. Parks.*

Where the place of injury is a public park, a municipal corporation is not liable for omissions or neglect in the performance of its corporate duty imposed upon it by law, or for that of its servants when such corporation derives no benefit therefrom in its corporate capacity, unless such action is given by statute.

(3) *Public Officers. Municipal Corporations. Respondeat Superior.*

The members of the park department of the city of Providence, although appointed by the city, are not, when acting in the discharge of their duties, servants of the city for whose conduct the city can be held liable.

(4) *Parks. Governmental Duties.*

Purely incidental profit in the management of a park, where it is not managed merely in the nature of a business, does not constitute such a special benefit or advantage as to make the city liable in the absence of a statute.

Trespass on the Case for negligence. Heard on petition of plaintiff for new trial, and petition denied.

Rogers, J. This is a petition for a new trial of an action of trespass on the case for negligence against the city of Providence in which the plaintiff was nonsuited.

The declaration alleged that the city of Providence was possessed of a certain machine moved and operated by steam, called a steam roller, which was used by said city in the making and building of streets and highways, and that it was using and operating said steam roller on one of the highways or streets in, to wit, Roger Williams Park, being a public park in said city of Providence ; that said machine from its appearance alone while at rest, and from its appearance and the loud hissing, screeching noise made and emitted by it

2

when in operation, was an object which would frighten ordinary horses, which fact was well known to said city of Providence, its agents and servants, whereby it became and was the duty and also the custom whenever said city, its agents and servants, were using said steam roller to erect warning signs in the highways or streets, sufficiently remote from the place where said steam roller was at work, to warn and notify all persons with horses, teams, and carriages, that a steam roller was at work near by, or to place a watchman or flagman to give such warning ; yet said city of Providence, its agents and servants, etc., so negligently operated said steam roller in and upon one of the main streets or highways in said Roger Williams Park without erecting any sign or giving any notice that the plaintiff who was there lawfully driving in and upon one of the highways in said Roger Williams Park and while in the exercise of due care, came suddenly and without warning, etc., whereby the plaintiff was greatly injured, etc.

The defendant pleaded the general issue, and also specially in bar because it said that the plaintiff then and there had driven into and was driving in said park a laundry team and carriage for the purpose of business without permission from the superintendent of said park contrary to law and the ordinances of said city, then and there in force regulating the use of said Roger Williams Park, to wit, Ordinances of 1887, cap. XXXVI, entitled "Parks," section 5, reading as follows : "Sec. 5.   No person shall drive any heavy team, any swill or residuum cart, or any team or carriage for the purpose of business, into any park, without permission of the superintendent of said park," and that said plaintiff so driving was a trespasser in and upon said park, and was guilty of a misdemeanor, punishable by fine as specified in section 11, of said chapter then and there in force reading as follows : "Sec. 11.   Any person violating any provision of this chapter shall be fined not exceeding $20, or be imprisoned for not exceeding ten days, for each offence ;" and that said city did not then and there owe said plaintiff then and there trespassing as aforesaid and violating said law as aforesaid said duty alleged in said declaration, etc.

Upon these pleas the plaintiff joined issue and the case was tried to a jury.

The statement of the evidence upon which the petition for a new trial was heard, showed that on the day of the accident the plaintiff had been engaged all day until 5 P. M., the hour of the accident, about his business of collecting and delivering laundry in the city of Providence with a horse hitched into a light covered express wagon with a plain black top without any lettering or sign whatever ; and the plaintiff admitted in his brief that at the time of the accident there were in this wagon hidden from view two baskets in which packages of laundry were placed. The plaintiff had finished his day's work except taking his horse and wagon to the stable where they were kept over night, and on leaving Washington Park, so called, below Roger Williams Park, as it was a pleasant day and a little early for him to quit work he turned into Roger Williams Park, intending to go home that way, though not the shortest way, because in his opinion it was so much pleasanter ; and while he was thus driving through the park the injury complained of occurred.

Upon the plaintiff's resting his case the defendant moved for a nonsuit on the ground that the plaintiff was using the park "for the purpose of business" in violation of the ordinance above set forth, and the nonsuit was granted, whereupon the plaintiff petitioned for a new trial.

We think a nonsuit in this case was properly granted, though not for the reason for which the motion for a nonsuit was sustained.

(1) It is not clear, either from the record or the statement of evidence exactly on what principle of law this action was intended to be based, further than that it was a claim for damages alleged to have been suffered through the negligence of the agents and servants of the city of Providence for whose acts it is contended the city was liable ; for the declaration nowhere states, save inferentially, that the place where the injury was done was a highway, and the inference is so indistinct that it is extremely doubtful if anything more was intended than that the place of accident was on one of the

driveways in Roger Williams Park, the language of the declaration being that said city by its agents and servants, "was using and operating said steam roller on one of the highways or streets in, to wit, Roger Williams Park, being a public park in said city of Providence." Unless, then, the allegation that this accident happened "in Roger Williams Park," etc., is tantamount to alleging that it occurred on a highway technically so called and understood, the allegation of this injury's having taken place on a highway is indistinct and insufficient.

The evidence of the existence of a highway, in contradistinction to a driveway through a park, is utterly deficient, for none at all appears in the statement of the evidence, nor is there any admission by the defendant that it was a highway. Though there was no direct evidence offered by the plaintiff that Roger Williams Park, so called, was a public park, and no direct or express admission by the defendant that it was a public park, yet we construe the defendant's whole conduct of the case as a practical admission that the place of the accident was a public park. While it may be that a highway may be extended through a park, yet the difference between the driveways in a park and an ordinary highway is such that if one seeks to recover for injury on a highway in a park the existence of the highway must be proved as such.

"A park," said Fancher, J., in *People ex rel. Seaver* v. *Green*, 52 How. Pr. 440, 445, "is a piece of ground adapted and set apart for purposes of ornament, exercise and amusement. It is not a street or road, though carriages may pass through it."

The ordinance of the city of Providence already referred to indicates very clearly a distinction between a highway and a park. In the latter no person shall drive any heavy team, or any swill or residuum cart, or any team or carriage, for the purpose of business, etc. By the same ordinance Roger Williams Park shall be opened only at certain hours, to wit, from sunrise until 11 P: M. during a part of the year, and from sunrise until 10 P. M. during the remainder of the

year ; and by Gen. Laws R. I. cap. 40, § 24, " Town councils and city councils may pass such ordinances, by-laws and regulations as they may think proper in relation to the care, management and use of the public parks, squares or grounds within the limits of their respective towns or cities, and may prescribe punishment for the violation thereof by a fine not exceeding $20, or by imprisonment not exceeding ten days for each offence."

On the contrary, highways must be kept in repair safe and convenient for travellers with their teams, carts and carriages at all seasons of the year, Gen. Laws cap. 72, § 1, and their use is not restricted to purposes other than business.

Another important distinction between highways and parks, is in the manner of liability of towns and cities for the results of injury from negligence in them.

(2)　　If injury results from the neglect of a city to keep a highway safe and convenient for travellers, then the city is liable by *statute.* Gen. Laws R. I. cap. 36, §§ 15, 16 and 17 ; cap. 72, § 12. Where, however, the place of injury is a park and not a highway, then the liability, if any, would be not by virtue of any statute that we are aware of, but by force of the common law, for it is a general principle, that municipal corporations are not liable to private actions for omissions or neglect in the performance of a corporate duty imposed upon them by law, or for that of their servants engaged therein, when such corporations derive no benefit therefrom in their corporate capacity, unless such action is given by statute. *Oliver* v. *Worcester*, 102 Mass. 489 ; *Clark* v. *Waltham*, 128 Mass. 567 ; *Steele* v. *Boston*, 128 Mass. 583 ; *Curran* v. *Boston*, 151 Mass. 505 ; *Hayes* v. *Oshkosh*, 33 Wis. 314 ; *Wixon* v. *Newport*, 13 R. I. 454 ; *Dodge* v. *Granger*, 17 R. I. 664.

(3)　　The city of Providence for aught that appears, seems to have been in the discharge of a governmental power, engaged in the performance of a public service, in which it had no particular interest, and from which it derived no special benefit or advantage in its corporate capacity, but which it is bound to see performed in pursuance of a duty imposed by

law for the general welfare of the inhabitants, or of the community; that the members of the park department, like those of the fire department, although appointed by the city corporation, are not, when acting in the discharge of their duties, servants, or agents in the employment of the city, for whose conduct the city can be held liable; but they act rather as public officers, or officers of the city charged with a public service, for whose negligence or misconduct in the discharge of official duty no action will lie against the city, unless expressly given; and hence the maxim *respondeat superior* has no application.

(4)    Purely incidental profit in the management of the park, where it is not managed merely in the nature of a business, does not constitute such a special benefit or advantage as to make the city liable in the absence of a statute. *Curran* v. *Boston, supra.*

In the lack of any evidence to show that the city had any particular interest or derived special benefit or advantage in its corporate capacity from this park, we think the nonsuit was well granted on that branch of the case, and as to the highway branch we have also expressed our opinion.

The reason we think the ground on which the nonsuit was granted in the Common Pleas Division was not sound, is because, whether the place where the accident happened was a highway or a park, it seems to us that the principle laid down by this court in *Baldwin* v. *Barney*, 12 R. I., 392, 397, would be applicable. In that case Durfee, C. J., in delivering the opinion, said: "A defendant who is sued in tort cannot justify the tort, whether wilful or negligent, by proving that the plaintiff, when injured, was transgressing the law, so long as the tort and the transgression are independent or disconnected, except in time and place, in their relation to each other." The law violated in that case was one in relation to travelling on Sunday.

The same doctrine was held in *Baker* v. *Portland,* 58 Me. 199, where the plaintiff was injured by reason of a defective way which the city was bound to keep in repair, when he was driving at a "faster rate than six miles an hour" in violation

of a city ordinance.   See also *Eagan* v. *Maguire & Penniman*, 21 R. I. 189, and Cooley on Torts, * 155, * 158.

For the reasons above set forth we think a nonsuit in this case was rightly granted.   The petition for a new trial is denied, and the case is remitted to the Common Pleas Division with direction to enter judgment for the defendant for costs.

*Matteson & Healey*, for plaintiff.

*Francis Colwell, City Solicitor*, for defendant.