## CORNELISEN *v.* CITY OF ATLANTA.

1. Where a city maintains a park primarily for the use of the public, intended as a place of resort for pleasure and promotion of health of the public at large, its operation is in virtue of the governmental powers of the municipality, and no municipal liability would attach to the non-performance or improper performance of the duties of the officers, agents, or servants of the city in respect to keeping the park safe for use by members of the general public. It would not affect the public character of the duties of the officers, agents, or servants of the city that a purely incidental profit might result to the city from its operation or management of the park.

2. But if the city, having charter authority, maintain the park primarily as a source of revenue, the duty of maintaining it in a safe condition for the use for which it is intended would be ministerial, and municipal liability would attach for breach of such duty.

FEBRUARY 13, 1917.

Questions certified by Court of Appeals (Case No. 6388).

*Dean E. Ryman* and *George H. Gillon,* for plaintiff.

*J. L. Mayson* and *W. D. Ellis Jr.,* for defendant.

ATKINSON, J.  The Court of Appeals has requested instruction upon certain questions of law, the nature of which is sufficiently disclosed in the headnotes (they being intended as answers to the questions), and from the following discussion.

In the Civil Code, § 897, it is declared that "Municipal corporations are not liable for failure to perform, or for errors in performing, their legislative or judicial powers.  For neglect to perform, or for improper or unskillful performance of their ministerial duties, they are liable."  This section is a codification of principles of the common law (*Collins* v. *Mayor &c. of Macon,* 69 *Ga.* 542; *Rivers* v. *City Council of Augusta,* 65 *Ga.* 376, 38 Am. R. 787; 2 Thomp. Neg. 731), and being in the Code of 1895, which was adopted by the legislature, has the effect of a statute (*Central of Ga. Ry. Co.* v. *State,* 104 *Ga.* 831, 31 S. E. 531, 42 L. R. A. 518); but the language is somewhat confused.  It would seem at first impression, from reading the first sentence of the section alone, that it was intended that there should be implied liability for breach of every duty that did not involve exercise of "legislative or judicial powers;" but if so, why go forward and in the second sentence declare expressly that there should be liability for breach of "ministerial duties," and why in preceding sections 893 and 896 should it have been declared that no liability should attach for torts of policemen or other officers, or, in the absence of statute requiring a municipality to perform an act, there should be no liability for exercising their discretion in failing to perform it?  No such construction should be placed on the first sentence of section 897.  The whole section should be construed together in connection with its cognate sections, and as intending to declare that municipal liability should attach only for neglect to perform, or for improper or unskillful performance of "ministerial duties."  This construction would leave intact the common-law doctrine, frequently applied in this State before and since adoption of the code, of non-liability for conduct of officers, agents, and servants of municipal corporations in respect to duties devolving upon them in virtue of the sovereign or governmental functions of the municipality.  This doctrine has been applied in *Love* v. *City of Atlanta,*

95 *Ga.* 129 (22 S. E. 29, 51 Am. St. R. 64), a case based on negligence of the driver of a garbage cart in the employment of the board of health; *Watson* v. *City of Atlanta,* 136 *Ga.* 370 (71 S. E. 664), a case based on negligence of the driver of an ambulance for a city hospital; *Rogers* v. *City of Atlanta,* 143 *Ga.* 153 (84 S. E. 555), a case based on negligence of a fireman in cutting a hole in a floor while engaged in extinguishing a fire, and into which the plaintiff stepped; *Mayor &c. of Savannah* v. *Jordan,* 142 *Ga.* 409 (83 S. E. 109, L. R. A. 1915C, 741, Ann. Cas. 1916C, 240), a case based on negligence of an inspector of the sanitary department in furnishing the driver of a garbage cart of the city with a defective vehicle, the axle of which broke and injured the driver. In those instances the duty was purely of a public nature, intended for the benefit of the public at large, without any pretense of private gain to the municipality; and because it was such, no liability would attach, as a general rule. An exception to the general rule exists in the case of streets and sidewalks, which in the recent case of Ackeret *v.* City of Minneapolis, 129 Minn. 190 (151 N. W. 976, L. R. A. 1915D, 1111, Ann. Cas. 1916E, 897), was referred to as "an illogical exception" to the general rule; but the exception is recognized in that State, as in this State. To the same effect is Harper *v.* City of Topeka, 92 Kan. 11 (139 Pac. 1018, 51 L. R. A. (N. S.) 1032). The general rule of non-liability above stated has no application where the duties, under proper charter authority, relate to branches of municipal endeavor which are private in their nature, primarily for revenue and promotion of municipal welfare. The case of *Mayor &c. of Savannah* v. *Cullens,* 38 *Ga.* 334 (95 Am. D. 398), was an action for personal injury. The city maintained a market-house in which it rented stalls to vendors of marketable produce. The plaintiff, while attending the market as a customer, at one of the stalls stepped into a hole in the floor that the city had negligently allowed to exist, and sustained an injury. Her action for damages was sustained. In the course of the opinion it was said: "The market was the property of the corporation, from which it derived a revenue in the way of rents. Why was it not just as much bound to keep that safe as a merchant is the floor of his store? To keep the market in a safe condition, it being property, and used by the city for its revenues, was a private duty." The same principle was applied in the cases of *City Council of Au-*

*gusta* v. *Mackey*, 113 *Ga.* 64 (38 S. E. 339)., involving the neglect of duty of an officer of a city in maintaining city waterworks; *Sedlmeyr* v. *City of Fitzgerald*, 140 *Ga.* 614 (79 S. E. 469), involving failure of duty of officers of the city in maintaining electric wires connected with the city's electric-light plant. In each of these cases, the duty upon which municipal liability was founded was of a private nature, and "ministerial," within the meaning of section 897, supra. This court has not before been called upon to deal with the question of municipal liability for injury to a person in a park, but the foregoing principles are applicable in cases of that character. If the park is primarily for the use of the public, intended as a place of resort for pleasure and promotion of health of the public at large, its operation is in virtue of the governmental powers of the municipality, and no municipal liability would attach to the non-performance or improper performance of the duties of the officers, agents, or servants of the city in respect to keeping the park safe for use by members of the general public. See also: Bisbing *v.* Asbury Park, 80 N. J. L. 416 (78 Atl. 196, 33 L. R. A. (N. S.) 523); Blair *v.* Granger, 24 R. I. 17 (51 Atl. 1042); Board of Park Commissioners *v.* Prinz, 127 Ky. 460 (105 S. W. 948); Clark *v.* Waltham, 128 Mass. 567; Steele *v.* Boston, 128 Mass. 583; Russell *v.* Tacoma, 8 Wash. 156 (35 Pac. 605, 40 Am. St. R. 895); Dill. Mun. Corp. (5th ed.) §§ 1657-1659. But if the city, having charter authority, maintain the park primarily as a source of revenue, the duty of maintaining it in a safe condition for the use for which it is intended would be ministerial, and municipal liability would attach for breach of such duty. If in other respects the park be for public use as indicated above, it would not change its character if the city licensed a third person to maintain bath-houses, springboards, and the like, in one of the lakes in the park at which bathers might be entertained and bathing-suits supplied upon the basis of a charge therefor. In Blair *v.* Granger, supra, it was held that "a city maintaining a public park for purposes other than business is not liable for an accident occurring on a parkway, which is not a public highway, through the negligence of itself or its employees, even though a purely incidental profit results to the city from the management of the park," citing the case of Curran *v.* City of Boston, 151 Mass. 505 (24 N. E. 781, 8 L. R. A. 243,

21 Am. St. R. 465). The principle was also applied in *Watson* v. *City of Atlanta,* supra, based on negligence of the driver of an ambulance of the city hospital where fees were incidentally charged.

*All the Justices concur.*