6388.   CORNELISEN *v.* CITY OF ATLANTA.

WADE, C. J. "Where a city maintains a park primarily for the use of the public, intended as a place of resort for pleasure and promotion of health of the public at large, its operation is in virtue of the governmental powers of the municipality, and no municipal liability would attach to the non-performance or improper performance of the duties of the officers, agents, or servants of the city in respect to keeping the park safe for use by members of the general public. It would not affect the public character of the duties of the officers, agents, or servants of the city that a purely incidental profit might result to the city from its operation or management of the park. . . But if the city, having charter authority, maintain the park primarily as a source of revenue, the duty of maintaining it in a safe condition for the use for which it is intended would be ministerial, and municipal liability would attach for breach of such duty." *Cornelisen* v. *Atlanta*, 146 *Ga.* 416 (91 S. E. 415).

(*a*) It being apparent, from the allegations in the plaintiff's petition, that the "public recreation park," therein asserted to be "owned and controlled" by the City of Atlanta at the time of the injury complained of, was maintained "primarily for the use of the public, intended as a place of resort for pleasure and promotion of health of the public at large," no municipal liability attached on account of the non-performance or improper performance of the duties of the officers, agents, or servants of the city in respect to keeping the park safe for use by members of the general public. Considering the allegations in the petition as made, it is plain that any profit resulting to the city from the operation or management of the park was purely incidental.

(*b*) The trial court therefore did not err in sustaining the demurrer and dismissing the case as to the City of Atlanta.

*Judgment affirmed. George and Luke, JJ., concur.*

DECIDED FEBRUARY 27, 1917.

Action for damages; from city court of Atlanta—Judge Reid. January 16, 1915.

This action was against the City of Atlanta and J. Billot jointly. It was dismissed as to the city, on general demurrer, and the plaintiff brought the case to the Court of Appeals on exceptions to that judgment. Certified questions as to the law involved in the case were submitted by this court to the Supreme Court, and the answer of the latter court appears in 146 *Ga.* 416 (91 S. E. 415). The action was for damages on account of injuries received by the plaintiff on diving into a swimming and bathing place in a public park, where his head struck a post, the top of which was below the surface of the water. In the petition it is alleged: that the park is "a public recreation park near the southern side of the City of Atlanta limits, known as Lakewood;" that at the time mentioned in the petition it was owned and controlled by the city, and the keeper and custodian of the park was the defendant Billot, who was in joint control and custody of the park and the lake therein with the city, and was not an employee or servant of the city; that the defendants were keeping and maintaining a part of the lake as a public swimming and bathing place, and were impliedly and expressly inviting the public to bathe and swim therein, and furnishing bathing suits and places in which to put them on, and that the plaintiff paid to the keeper of the park the usual fees and charges, attired himself in a bathing suit, and, with the knowledge and consent of the person in charge of the bathing place, walked on a platform to that place and dived into the water, where he received the injuries complained of. It is alleged that the defendants were jointly and severally negligent in allowing the post to remain in the water at that place, in holding out that part of the lake as a suitable bathing place, and in failing to put up a sign or give warning as to the danger there.

*Dean E. Ryman, George H. Gillon,* for plaintiff, cited: *Mayor &c. of Savannah* v. *Cullens,* 38 *Ga.* 334; 28 Cyc. 1263; *Huey* v. *Atlanta,* 8 *Ga. App.* 597; *Adepe* v. *Thomasville,* 9 *Ga. App.* 880; *City Council of Augusta* v. *Mackey,* 113 *Ga.* 64; *Brown* v. *Atlanta,* 66 *Ga.* 71; *City Council of Augusta* v. *Hudson,* 88 *Ga.* 599; *City Council of Augusta* v. *Lombard,* 99 *Ga.* 282; note in 1 L. R. A. (N. S.) 665; Civil Code (1910), § 3694; *White* v. *Montgomery,* 58 *Ga.* 204; *Monahan* v. *National Realty Co.,* 4 *Ga. App.* 680.

*J. L. Mayson, W. D. Ellis Jr.,* for defendant, cited: Blair *v.* Granger, 24 R. I. 17 (51 Atl. 1042); Board of Park Com'rs *v.* Prinz, 127 Ky. 460 (105 S. W. 948); Clark *v.* Waltham, 128 Mass. 567; Steele *v.* Boston; 128 Mass. 583; Russell *v.* Tacoma, 8 Wash. 156 (40 Am. St. R. 895, 35 Pac. 605); McGraw *v.* District of Columbia, 3 App. D. C. (25 L. R. A. 691); Shauf's adm'r *v.* Paducah, (Ky.) 6 A. N. R. 73; *Watson* v. *Atlanta,* 136 *Ga.* 370; *Love* v. *Atlanta,* 95 *Ga.* 129; *Nisbet* v. *Atlanta,* 97 *Ga.* 650; *Bartlett* v. *Columbus,* 101 *Ga.* 300; *Wyatt* v. *Rome,* 105 *Ga.* 312; *Wright* v. *Augusta,* 78 *Ga.* 241.