8800, 8801.  ANTHONY *v.* DUDLEY SASH, DOOR AND
    LUMBER COMPANY and *vice versa.*

1. "The allegations of a pleading are to be construed most strongly against
   the pleader, when attacked by demurrer.  The demurrer admits only
   the facts, and not the legal conclusions drawn therefrom by the pleader."
   *Brown* v. *Massachusetts Mills,* 7 *Ga. App.* 642 (67 S. E. 832).  See also
   *Lewis* v. *Amorous,* 3 *Ga. App.* 50, 53 (59 S. E. 338).
2. The demurrer to the petition contained general and special grounds;
   and the court passed an order sustaining various special grounds and
   likewise dismissing the petition, which had been amended in an effort
   to meet the demurrers.  Under these circumstances there is no presump-
   tion that the ruling of the court was based on any one of the grounds
   of special demurrer or upon any particular ground of the general de-
   murrer, and the judgment must be affirmed if the petition was properly
   dismissed for any reason set forth in the general demurrer.  See *Mc-
   Claren* v. *Williams,* 132 *Ga.* 352 (2) (64 S. E. 65); *Gunn* v. *James,* 120
   *Ga.* 482 (48 S. E. 148); *Huggins* v. *Southeastern Lime & Cement Co.,*
   121 *Ga.* 311 (48 S. E. 933); *Killough* v. *Simmons,* 125 *Ga.* 101 (53
   S. E. 819, 114 Am. St. R. 201).
3. "Where a debt is secured by a deed to land, the creditor may transfer
   the whole or any part of the debt, and with it may convey the land it-
   self.  Such conveyance is not a breach of the bond for title to reconvey,
   since the subpurchaser takes the property subject to the right of the
   debtor to redeem on payment of the loan."  *Cumming* v. *McDade,* 118
   *Ga.* 612 (2) (45 S. E. 479).

                  DECIDED DECEMBER 13, 1917.

Action for breach of contract; from Muscogee superior court—
Judge Howard.  March 30, 1917.

*Ed. Wohlwender, Hatcher & Hatcher,* for plaintiff.

*Slade & Swift,* for defendant.

WADE, C. J.  The case comes to this court on exceptions to the
order of the trial judge in sustaining demurrers to the plaintiff's
petition and dismissing the action.  The various headnotes above
need no discussion; and it is only necessary to apply the well-
settled ruling contained in the third headnote to the facts as al-
leged in the petition.  The plaintiff sued to recover damages for
an alleged breach of a bond for title, setting up in his petition
that the defendant had loaned this firm the sum of $600 to pay
the balance of the purchase-price of certain lands previously
bought by him from another, and by agreement had taken a deed
vesting title to said property in the defendant, and thereupon ex-
ecuted a bond for title thereto in favor of the plaintiff and his
partner in a sawmill business, conditioned to reconvey said prop-

erty to the plaintiff and his partner, provided the firm should well and truly pay the note for the sum of $600 advanced and carry out the agreement in the bond for title (which was signed by all the parties) that they should cut and deliver the timber standing on the land therein described to the defendant (the obligor of the bond) at an agreed price, from the total amount of which the sum advanced should be deducted. The petition alleged, that an undivided half interest in the larger portion of said lands was owned by another, and it was necessary to have a legal partition made between the tenants in common before they could cut and saw the timber thereon in accordance with the contract; that the plaintiff's partner, having no capital invested in said land, had assigned in writing any and all interest he had in the contract with the defendant company; and that on a day named, prior to the bringing of the suit, the defendant had advised petitioner by letter that it had that day "sold to J. F. Brown all interest we may have in lands in Marion county, excepting lot No. 80, which we have deeded to you," a copy of said letter being attached to and made a part of the petition. This is the only breach of the bond alleged, to wit, the sale to another of "all the interest" the defendants might have in certain lands in Marion county, which included the lands in question. Construing the allegations of the petition most strongly against the pleader, in the absence of any affirmative statements to the contrary, it appears merely that the defendant sold to another person whatever interest it had in the lands, and only such interest as it in fact possessed; and presumably the evidence of indebtedness was at the same time transferred to the person who purchased its interest in the land, and such person received title thereto with full and entire knowledge (in the absence of any allegation to the contrary) of all the rights and equities of the plaintiff, and subject thereto. Under the ruling of the Supreme Court, quoted in the third headnote, it is clear that no breach of the bond is alleged in the petition, and hence no right of action is set forth by the allegations thereof; and consequently the trial court properly sustained the demurrer to the petition as a whole and dismissed the case. It is nowhere alleged in the petition that the purchaser from the defendant, the sale to whom is set up as a breach of the bond, did not have full *actual* notice of the rights of the plaintiff, notwithstanding the fact that the contract to recon-

vey or the bond for title executed by the defendant was not of record, and therefore not constructive notice to such purchaser. Whatever may be the facts, we are compelled to take the petition as it is, and the allegations therein as made, neither adding to nor taking from them by amplification or surmise; and considering it in this light, as said above, there is nothing to negative the idea that the defendant company did only what it was authorized by law to do—convey the property and transfer the evidence of indebtedness on the part of the plaintiff or his firm, making said conveyance subject to all the rights of the plaintiff and his partner under the contract which forms the basis of the suit.

No time is alleged in the original petition when the plaintiff's partner assigned in writing to the plaintiff his interest in the contract with the defendant company. Fuller information was called for on this point by special demurrer, as well as fuller information upon various other points. "The petition must 'aver a time when every material or traversable fact transpires.' This ancient rule of pleading has been recognized by our Supreme Court in its earliest utterances (*Bond* v. *Central Bank,* 2 *Ga.* 92, 100), as well as in its later rulings. *Warren* v. *Powell,* 122 *Ga.* 4 (49 S. E. 730)." *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607 (3), 613 (58 S. E. 1060).

It is unnecessary, however, for the purposes of this case to review or consider the many special grounds of the demurrer, or any other ground urged by the defendant in support of the ruling sustaining the general demurrer, since the one particular in which the petition was insufficient to set out a cause of action, because failing to allege a legal breach of the contract which formed the basis thereof, is enough to support that ruling. Without, therefore, needlessly extending the analysis of the petition in this case or considering the various special grounds of the demurrer, we hold, for the reason stated, that the judge of the superior court did not err in sustaining the general demurrer and dismissing the suit.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. Jenkins and Luke, JJ., concur.*