### 10674. TERRE HAUTE NATIONAL BANK *v.* HORNE-ANDREWS COMMISSION COMPANY.

1. "The allegations of a pleading are to be construed most strongly against the pleader, when attacked by demurrer. The demurrer admits only the facts, and not the legal conclusions drawn therefrom by the pleader." *Anthony* v. *Dudley Sash &c. Co.*, 21 *Ga. App.* 412 (94 S. E. 634).

2. The demurrer upon the ground that neither the first nor the second count of the petition sets forth a cause of action should have been sustained. The bank's purchase of the bill of lading with the vendor's draft for the purchase price of the goods sold to the plaintiff, and the plaintiff's payment of the draft, would not render the bank liable to the plaintiff because of defects in the goods. *Fourth National Bank* v. *Mayer*, 89 *Ga.* 108 (2) (14 S. E. 891); *Akers* v. *Jefferson County Savings Bank*, 120 *Ga.* 1066 (48 S. E. 424); Leonhardt *v.* Small, 117 Tenn. 153 (96 S. W. 1051, 6 L. R .A. (N. S.) 887, 119 Am. St. R. 994).

(*a*) The foregoing ruling renders it unnecessary to decide the question of jurisdiction, raised by the pleadings.

DECIDED NOVEMBER 4, 1919.

Complaint; from Baldwin superior court—Judge Park. May 22, 1919.

*D. S. Sanford, Sibley & Sibley,* for plaintiff in error.

*Allen & Pottle,* contra.

LUKE, J. Horne-Andrews Commission Company, a corporation of Baldwin, County, Georgia, brought suit by attachment against Terre Haute National Bank, a resident of the State of Indiana. The petition was in two counts. The first count of the petition alleged: (1) On or about February 18, 1918, plaintiff purchased from the Prater-Mottier Company of Terre Haute, Indiana, one car of yellow ear corn at $1.88½ a bushel f. o. b. cars at Millegeville, Ga. (2) The total amount of the purchase-money was $1,447.05, for which sum said Prater-Mottier Company, on February 19, 1918, drew a draft on plaintiff, payable to the order of Terre Haute National Bank, at Terre Haute, Indiana, and attached said draft to a bill of lading covering said car of corn. (3) Upon the arrival of said draft and bill of lading at the First National Bank of Millegeville, Ga., for collection, the same was duly presented to plaintiff, and plaintiff, without having the privilege or opportunity of inspecting said corn, paid said draft to the First National Bank of Milledgeville, Ga. (4) Immediately thereafter the said car of corn was delivered to plaintiff at its warehouse in the city of Milledgeville, Ga., and upon inspection it was

ascertained that said corn was damp and hot and rotting, and utterly unfit for use of man or beast, and utterly valueless, and plaintiff received no consideration whatever for its payment of the amount hereinbefore set out, to wit, $1,447.05. (5) Under plaintiff's contract said corn was to be delivered to it in Milledgeville, Ga., and under the terms of said contract the deliverey thereof to the common carrier in Terre Haute, Indiana, was not a delivery to it. (6) The bill of lading was issued by the Louisville & Nashville Railroad Company at Evansville, Indiana, to the Terre Haute National Bank of Terre Haute, Indiana, and therefore, at the time said corn was delivered to said carrier for shipment to Milledgeville, Georgia, said Terre Haute National Bank was the owner of said corn, and assumed, by virtue of its contract with said Prater-Mottier Company, the obligation of said company to deliver the corn in mercantile condition to plaintiff at Milledgeville, Ga. (7) The draft for the purchase-money of said corn, accompanying said bill of lading, was drawn, payable to said Terre Haute National Bank, and was delivered to said bank not for collection only, but in consideration of the actual sale of the corn to said Terre Haute National Bank. (8) Pending the arrival of said corn in Milledgeville, the said Prater-Mottier Company went into the hands of a receiver. (9) Plaintiff therefore avers that there has been a total failure of consideration under the contract, and that it has received no consideration whatever for the $1,447.05 paid as hereinbefore, set out, and that for the reasons hereinbefore stated the said Terre Haute National Bank is liable to plaintiff in the full sum of $1,447.05, besides interest at 7% per annum from February 18, 1918. (10) On March 9, 1918, after the plaintiff ascertained that said corn was utterly valueless, it sued out an attachment, returnable to the superior court of Baldwin county, Georgia, making the affidavit and executing the bond required by the laws of said State, and caused said attachment to be levied by garnishment, summons of which was duly served upon the First National Bank of Milledgeville, Georgia. (11) Under said summons of garnishment the said First National Bank of Milledgeville, Ga., is holding in its possession the sum of $997.31, and it will answer that it holds said sum of money under said summons of garnishment at the July term, 1918, of the superior court of said county.

The second count repeats the allegations of paragraphs 1, 2, 3, and 4 of the first count and alleges:  (5)  At the time of the delivery of said corn by said Prater-Mottier Company, at Evansville, Indiana, the point of shipment, it transferred to the Terre Haute National Bank of Terre Haute, Indiana, the bill of lading from said carrier for the corn shipped by it, and at the same time gave to said bank a draft drawn by it for the purchase-money thereof under the terms of its contract with plaintiff, to wit, $1,447.05, payable to the order of said bank.  (6)  Therefore the said Terre Haute National Bank became the purchaser of said corn before its shipment from Evansville, Indiana, and before its delivery to plaintiff.  (7)  Therefore said plaintiff was not liable to said Terre Haute National Bank on said bill of lading or on said draft in any sum whatever, because said corn, as hereinbefore set out, was utterly valueless.  (8)  Plaintiff is entitled to recover from said Terre Haute National Bank the full amount of said purchase-money, for the reason that it paid said draft, relying in good faith upon the shipment by said Terre Haute National Bank of mercantile corn, and, the bill of lading being accompanied with a sight draft, it had neither the privilege nor the opportunity of examining said corn before said draft was presented for payment and actually paid by it.  Paragraphs 9, 10, and 11 of the second count repeat the allegations of the corresponding paragraphs of the first count.  Both counts of the petition conclude with the same prayer, to wit, for judgment in personam against Terre Haute National Bank for the sum sued for, $1,447.05, and for judgment in rem against the funds of said bank in the hands of the garnishee.

The defendant demurred generally, upon two grounds:  (1) that neither the first nor the second count of the petition sets out a cause of action; (2) that "the court is without jurisdiction of the case of a national bank, of which it appears this defendant is, for that it appears from the petition that the defendant is a national bank, and suit by attachment cannot be entertained by the superior court before a final judgment has been rendered against it, as appears from the petition."  The court overruled the demurrer upon both grounds, and the defendant excepted.

The petition in neither of the counts pleads such a cause of action as renders the defendant Terre Haute National Bank liable upon warranty of the goods purchased by the plaintiff from Prater-

Mottier Company. No such relation between plaintiff and defendant has arisen, simply upon the purchase of the draft and bill of lading by the defendant of the goods bought, as will entitle the plaintiff to recover for a breach of duty imposed by law upon the seller of the goods.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*