22496. HANCOCK COUNTY *v.* CLARK *et al.*
22497. NEWSOME *v.* CLARK *et al.*

STEPHENS, J. 1. Where one is operating an automobile along a public road in which there is a bridge ahead which, by reason of a depression in the road, he can not see, and, from his observation of the road beyond the depression, the road ahead is apparently straight, and where he continues to operate the automobile in a straight direction at a rapid and high rate of speed which is accelerated by the incline in the grade of the road, but where, after proceeding further and before reaching the bridge, he ascertains that the road is not on a straight course but deflects therefrom and leads to another bridge located about forty-five feet off the straight course, and where, after discovering this, he attempts to reduce the speed of the automobile by an application of the brakes and to take a deflected course and cross the latter bridge, and the automobile skids in soft earth and hits one of the abutments of the bridge, through which it breaks and falls into the ravine below and injures an occupant in the automobile, and where it does not appear that the depression in the road or the softness of the earth constitutes a defect in a

bridge, the injuries thus sustained are not due to any defect in the bridge. In this case, so far as the depression in the road could in any wise be considered as a contributing factor to the plaintiff's injuries, it was not because the depression constituted a defect in the bridge, but was because it constituted a defect in the road.

2. The petition in a suit by an occupant of the automobile to recover from the county and the operator of the automobile damages for injuries sustained as above indicated, which contained no allegation that the soft earth, in which the automobile skidded, was a part of a bridge or that it constituted a defective condition, but which alleged only, as respects the soft condition of the earth in the road, that the rate of speed at which the automobile was being operated caused the automobile to "skid in the soft earth," failed to allege that the injuries were caused by a defective condition of a bridge; and therefore, since a county is liable for injuries caused only from such a defect, the petition failed to set out a cause of action against the county, and was subject to general demurrer. The court erred in not sustaining the county's demurrer to the petition.

3. Since the petition set out no cause of action against the county, and since it appears from the petition that the other defendant, the operator of the automobile, was a nonresident of the county, living in this state, the court had no jurisdiction as to him, and it was error to overrule his demurrer to the petition, which was upon the ground that the court had no jurisdiction as to him.

*Judgments reversed. Jenkins, P. J., and Sutton, J., concur.*

Decided February 8, 1933.

G. L. Dickens, Sibley & Allen, for plaintiffs in error.
O'Neal & O'Neal, Sam H. Wiley, contra.