LEE *v.* CITY OF ATLANTA; *et vice versa.*

Nos. 14784, 14785.   April 6, 1944.

520

*Fine & Hendrix* and *Noah J. Stone,* for plaintiff.

*J. C. Savage, E. L. Sterne, J. C. Murphy,* and *Bond Almand,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The allegations of a pleading are to be construed most strongly against the pleader, when attacked by demurrer. The demurrer admits only the facts, and not the legal conclusions drawn therefrom by the pleader. *Jones* v. *Ezell,* 134 *Ga.* 553 (5) (68 S. E. 303); *Harper* v. *Lindsey,* 162 *Ga.* 44 (132 S. E. 639); *Woolworth Co.* v. *Harrison,* 172 *Ga.* 179 (156 S. E. 904); *Brown* v. *Massachusetts Mills,* 7 *Ga. App.* 642 (67 S. E. 832); *Yatesville Banking Co.* v. *Fourth National Bank of Atlanta,* 17 *Ga. App.* 420 (3) (87 S. E. 606); *Anthony* v. *Dudley Sash, Door & Lumber Co.,* 21 *Ga. App.* 412 (94 S. E. 634); *Terre Haute National Bank* v. *Horne-Andrews. Commission Co.,* 24 *Ga. App.* 320 (101 S. E. 6). The instant petition when stripped of its legal conclusions, viz.,

that the activity is not a governmental function, and that the city is engaging in a private enterprise for pecuniary gain which is ultra vires and contrary to law, sets forth no allegations of fact to authorize the grant of any relief for which the petitioner prays.

The operation of an ice plant by municipal authorities in connection with the electric-light and water-works plant was held to be a governmental function in *Holton* v. *Camilla,* 134 *Ga.* 560 (68 S. E. 472, 31 L. R. A. (N. S.) 116, 20 Ann. Cas. 199). The same ruling was applied to the operation of a public park, even though a purely incidental profit might have resulted from such operation, in *Cornelisen* v. *Atlanta,* 146 *Ga.* 416 (91 S. E. 415). The *Cornelisen* case was followed in *Petty* v. *Atlanta,* 40 *Ga. App.* 63 (148 S. E. 747), where the operation of a swimming pool was involved. In the recent case of *Gardner* v. *Brunswick,* 197 *Ga.* 167 (28 S. E. 2d, 135), it was held that a city might provide meters to measure the time of parking automobiles on city streets, in the absence of any contention that the city would derive revenue therefrom in excess of what was necessary to defray expenses connected with the operation of the meters.

We know of no activity in which a municipality might engage that is more essentially a governmental function than the apprehension of criminals and the suppression of crime. Where a city is engaged in installing, servicing, and, maintaining a burglar-alarm system through the wires of a telephone company, so that when the electric current is broken a signal will flash at the police station and be relayed by radio to police officers, such operation is in virtue of the police powers of the municipality and is a governmental function. And where the work is essentially for public welfare and for the general good of all the inhabitants of the city, its operation as a governmental function is not changed by the fact that the city makes a charge for the cost of installation, and a monthly service charge for its maintenance and operation, where it is not undertaken for gain or for private objects. It follows that the petition did not set forth a cause of action, and the trial court erred in overruling the general demurrer interposed by the city.

The petition contained the following allegations: "The City of Atlanta has by ordinance placed a license tax on the business of operating a burglar-alarm system in the sum of $100 per year, and it is operating a competitive system free from license and this

gives the city an unfair advantage over others in similar business in said city, and is in violation of article 7, section 2, and paragraph 1, of the constitution of Georgia, which provides that 'All taxation shall be uniform upon the same class of subjects.' The acts of the defendant as alleged in this petition is in violation of article 1, section 1, and paragraph 2 of the constitution of Georgia, which provides that 'protection to person and property is the paramount duty of government and shall be impartial and complete,' in that the discourse as imposed upon him is not impartial between him and the city, and there is no protection granted him."

The above allegations of the petition, to the effect that the city has by ordinance placed a license of $100 per year on the business of operating a burglar-alarm system, and that the acts of the city are in violation of designated constitutional provisions, are insufficient to properly present a constitutional question for decision, in that it is not alleged wherein the ordinance is unconstitutional. In order to raise a question as to the constitutionality of a law, the statute which the party challenges, and the provisions of the constitution alleged to have been violated, must both be clearly specified, and it must also be shown wherein the statute violates such constitutional provision. *Abel* v. *State,* 190 *Ga.* 651, 653 (10 S. E. 2d, 198).

The error of the trial court in overruling the general demurrer rendered all further proceedings nugatory.

*Judgment reversed on the cross-bill of exceptions. Main bill dismissed. All the Justices concur.*