### 33060. GRADY COUNTY *et al v.* GROOVER.

DECIDED MAY 19, 1950.

*Eugene Cook, Attorney-General, W. V. Rice, Cam D. Dorsey Jr., T. V. Williams, Assistant Attorneys-General, Cain & Smith,* for plaintiffs in error.

*Frank S. Twitty, Bell & Baker,* contra.

FELTON, J. On a motion to dismiss in the nature of a general demurrer the petition must be construed against the plaintiff. It alleged that Mrs. Groover, at the time and place and under the circumstances had no notice or knowledge that the bridge *in its condition aforesaid* had been constructed or was being maintained at the location aforesaid. Construing this allegation against the plaintiff it means that Mrs. Groover knew that the bridge was a narrow, one-way bridge. The plaintiff had the choice of his allegations and could have alleged that Mrs. Groover did not know that the bridge was a narrow, one-way bridge if it had been true. What has just been said justifies the ruling but it is also true that the allegations of fact in the petition appear about as accurate and frank as this court has been privileged to read in a plaintiff's petition. It even alleges that another automobile was occupying the bridge at the time Mrs. Groover sought to enter at 40 miles per hour. But however much we commend the plaintiff's frankness as to the facts alleged, we cannot agree with most of his contentions as to the specifications of negligence. As we see and understand the allegations there are only two specifications of negligence upon

one or both of which a recovery could be predicated. One is that the asphalt approach was rough, irregular and bumpy and that the condition caused Mrs. Groover to be unable to get the automobile onto the travel part of the bridge safely. In this view, whether Mrs. Groover was negligent and the degree of her negligence would also arise for decision by the jury. The specifications of negligence set forth above, designated A, B, C & D, treated together simply allege a faulty and dangerous asphalt approach to the bridge. Specifications E, F, G, & H do not support an action for negligence because if Mrs. Groover knew that the bridge was a narrow, one-way bridge, the off-center line in the main highway as it approached the bridge, and the narrowness of the bridge, even if its maintenance was negligence, would not have been responsible for her not entering the bridge properly and safely, and she not only could have discovered the negligence of the authorities maintaining the bridge, if any, but she actually knew of the conditions existing insofar as the width of the bridge was concerned, and the defects alleged were within the bridge and beyond the entrance. Specification (I) is not actionable because the petition alleges that the automobile struck the hub guard or metal strip and other parts of the bridge before the vehicle reached the wooden floor of the bridge and it would be too problematical and remote to conclude that the unsupported slats made any material contribution to the injuries. The other meritorious specification of negligence is "(J)." It would be a jury question whether (specification J) permitting the metal strip to extend along the ramp and out to the end thereof to a height of 9 inches above the level of the ramp was negligence, whether it contributed to the injuries, etc. The negligence alleged in specifications (K) and (L) would not be actionable for the reasons stated in our discussion of specifications (E), (F), (G) and (H). Those were defects within the length of the bridge proper. The conclusions we have reached obtain whether or not we regard the erection and maintenance of a one-way bridge with the center line of the highway off-center with the center of the bridge as negligence. If Mrs. Groover knew that the bridge was a narrow, one-way bridge, the result is the same. The case should be submitted to the jury only on the specifications of negligence

herein indicated and of course on other related questions of the negligence of the driver of the automobile, proximate cause, etc. The contention by the plaintiff in error that the plaintiff below is barred because the petition alleges that Mrs. Groover attempted to enter the bridge while occupied by another automobile is not well taken. This fact, among others, is relevant in determining the question of the negligence of Mrs. Groover, and what was the proximate cause of her running into the bridge, but this court cannot say as a matter of law that Mrs. Groover's negligence was the sole proximate cause of the injuries under the allegations of the petition with respect to the asphalt approach and the projecting hub guard.

The court did not err in overruling the motion to dismiss the action in the nature of a general demurrer.

*Judgment affirmed. Worrill, J., concurs. Sutton, C.J., concurs in the judgment.*