35661. JAMES *v.* SMITH *et al.*

DECIDED JUNE 6, 1955.

*Ewing & Farrar, George Jordan,* for plaintiff in error.

*Paul Miller, Bennett, Pedrick & Bennett, H. J. Quincey,* contra.

GARDNER, P. J. The only question for this court to decide is whether or not as a matter of law the court erred in sustaining the general demurrer. The Supreme Court in *Krueger* v. *Mac-Dougald,* 148 *Ga.* 429 (96 S. E. 867) said: "It is an elementary rule of construction as applied to a pleading, that [on demurrer] it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." In *Butler* v. *Jones,* 85 *Ga. App.* 158, 161 (68 S. E. 2d 173), the Court of Appeals said: "The pleading will be judged by the facts alleged and not by the mere conclusions of the pleader; therefore, as against a general demurrer, it is not sufficient to allege a mere conclusion of law. It is not enough to aver facts from which the ultimate fact may be inferred unless the evidentiary facts pleaded are such as to demand the inference of its existence." See also *Wilkinson* v. *Rich's, Inc.,* 77 *Ga. App.* 239 (48 S. E. 2d 552), and *Bivins* v. *Tucker,* 41 *Ga. App.* 771, 774 (154 S. E. 820). It will be noted that the plaintiff nowhere alleges that he had no knowledge of the dangers and unsafe condition of the detour bridge and the approaches thereto. He draws many conclusions as to why the judgment of the trial court overruling the general demurrer should be reversed. The failure to allege that he did not know of the conditions, and had no means of knowing of the conditions, creates the presumption that he did know of the facts. See *Grady County* v. *Groover,* 81 *Ga. App.* 617, 626 (59 S. E. 2d 506), as follows: "On a motion to dismiss in the nature of a general demurrer the petition must be construed against the plaintiff. It alleged that Mrs. Groover, at the time and place and under the circumstances had no notice or knowledge that the bridge in its condition aforesaid had been

constructed or was being maintained at the location aforesaid. Construing this allegation against the plaintiff it means that Mrs. Groover knew that the bridge was a narrow, one-way bridge. The plaintiff had the choice of his allegations and could have alleged that Mrs. Groover did not know that the bridge was a narrow, one-way bridge if it had been true." In *Vaissiere* v. *J. B. Pound Hotel Co.*, 184 *Ga.* 72 (190 S. E. 354), the Supreme Court said: "Construing the petition most strongly against the plaintiff, and there being no allegation that the room was not properly lighted, it will be assumed that the open space between the rostrum and the wall was obvious. Being so, she was bound to know of danger of stepping off the edge of the rostrum when she stepped back to avoid striking her companion. In such circumstances her act in stepping on the edge of the rostrum and falling showed such want of ordinary care as would prevent a recovery."

It is elementary that the allegations of the pleadings are to be construed most strongly against the pleader, when attacked by demurrer. A general demurrer does not admit the legal conclusions drawn from the petition. See *Brown* v. *Massachusetts Mills*, 7 *Ga. App.* 642 (1) (67 S. E. 832); *Yatesville Banking Co.* v. *Fourth National Bank*, 17 *Ga. App.* 420 (3a) (87 S. E. 606); *Anthony* v. *Dudley Sash, Door &c. Co.*, 21 *Ga. App.* 412 (94 S. E. 634).

It will be noted that the plaintiff had traversed the southern approach of 250 feet to the detour bridge, had traversed 300 feet (the length fo the detour bridge) and had traversed 35 feet of the northern approach of the detour bridge without reducing his speed, and had traversed such distances at a speed of 25 miles per hour. It might be well in this connection to call attention to certain Code sections which are applicable in determining whether or not the plaintiff on the occasion in question was exercising due care for his own protection. Code § 105-603 reads: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." And see Code (Ann. Supp.) § 68-1626, as follows: "(a) No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential

hazards then existing. . . (c) The driver of every vehicle shall, consistent with the requirements of subdivision (a), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when travelling upon any narrow or winding roadway, and when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions."

Counsel for the plaintiff call our attention to *Havird* v. *Richmond County*, 47 *Ga. App.* 580 (171 S. E. 220), and argue at length that that decision is controlling here to the effect that the court erred in sustaining the demurrer and dismissing the petition. We see nothing in that case to sustain the contentions of the plaintiff, because the question here is not that the defendants are immune from liability from negligence in constructing and maintaining a detour bridge, but the question here is that there is no allegation that the plaintiff did not know of this situation. He lived in Ben Hill County, a county adjoining Coffee County; and, construing his petition most strongly against him, as stated above, he drove his heavy car over the southern approach to the detour bridge, over the bridge, and then 35 feet onto the northern approach, knowing of the defects, and knowing the condition which existed after a heavy rain. No such question is raised in *Havird* v. *Richmond County*, supra. In driving his car in the manner alleged, and under the decisions and Code sections above cited, the plaintiff was guilty of failure to exercise ordinary care for his own safety, if not guilty of gross negligence. This being true, he was the author of his own misfortune. This is true regardless of whether or not the defendants were negligent in the performance of their duties. No such question or facts are presented in *Havird* v. *Richmond County*. Our attention is called by counsel for the plaintiff to *State Construction Co.* v. *Johnson*, 82 *Ga. App.* 698 (62 S. E. 2d 413). We find no applicability of the decision in that case under its facts, in relation to the instant case under the allegations of fact and the law herein involved. Our attention is called also by counsel for the plaintiff to *Hancock County* v. *Clark*, 46 *Ga. App.* 363 (167 S. E. 748). The decision and facts in that case are not germane to the issues in the instant case. Counsel for the plaintiff states that there are

many cases with facts similar to those in the instant case where it was held that such acts constituted negligence. The cases cited are *Dixon* v. *Mitchell County*, 20 *Ga. App.* 21 (92 S. E. 405), *Cox* v. *Ware County*, 52 *Ga. App.* 45 (182 S. E. 408), *Daniels* v. *Town of Athens*, 55 *Ga.* 609, and *Morgan County* v. *Glass*, 139 *Ga.* 415 (77 S. E. 583). These authorities are not in point with the issues now before us.

The court did not err, under the allegations of fact in the instant case, in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*