S89A0580. ATLANTA METRO ASSOCIATED PLUMBING
CONTRACTORS, INC. et al. v. MALOOF et al.
(386 SE2d 338)

Smith, Justice.

In December of 1988, the DeKalb County Board of Commission-
ers passed a resolution establishing a new sewer service policy. Under
the new policy, DeKalb County offered sewer services on privately
owned sewer lines for a fee. These services included cleaning out, re-
placing and installing "cleanouts" (grade level access openings to
sewer lines). The appellants, an individual plumber and two plumb-
ers' associations, sought injunctive relief, complaining that DeKalb
County's use of public employees and funds to perform work on pri-
vate property was beyond the scope of the County's constitutional au-
thority and in direct, illegal competition with private industry. The
trial court disagreed and denied the appellants' petition for injunctive
relief.

This case is controlled by *Keen v. Mayor &c. of Waycross*, 101
Ga. 588 (29 SE 42) (1897) and *Tift County Hosp. Auth. v. MRS of
Tifton, Georgia, Inc.*, 255 Ga. 164 (335 SE2d 546) (1985).[1] DeKalb

---

[1] The appellee urges this Court to rely upon *Lee v. City of Atlanta*, 197 Ga. 518 (29
SE2d 774) (1944), which held that the City could install, service, and maintain burglar alarm
systems for a fee as a governmental function, even if in competition with private suppliers.
As this case dealt primarily with the City's power to "apprehen[d] criminals and suppress[]

County's actions in pursuing an independent business enterprise were clearly *ultra vires*, and the trial court erred in denying the appellants' petition for injunctive relief.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 30, 1989 —
RECONSIDERATION DENIED JANUARY 10, 1990.

*Alan C. Harvey, Wendell K. Willard*, for appellants.
*Joan F. Roach*, for appellees.

---

crime" as part of the police powers of the municipality, it is inapplicable to support appellee's argument that it may provide sewage services in competition with private suppliers. The appellee further argues that if it is prohibited from performing sewage services on private property, then it is also prohibited from performing police, fire, and ambulance services on private property. Of course, the provision of these services on private property is allowed under *Lee*.