JOHN T. COOPER, plaintiff in error, *vs.* THE MAYOR AND COUNCIL OF THE CITY OF ATHENS, defendant in error.

1. The municipal authorities of the city of Athens have no power, under its charter, to establish and carry on a ferry across the Oconee river, though it be within the city limits.
2. Nor are the mayor and council in their corporate capacity, liable to a passenger who claims that his property was injured by the negligence of the ferryman in transporting it over a ferry thus established without authority of law.

Municipal corporations. Roads and bridges. Ferry. County matters. Before Judge RICE. Clarke Superior Court. February Term, 1874.

This case is clearly stated in the above head-notes.

COBB, ERWIN & COBB, for plaintiff in error.

T. W. RUCKER, for defendant.

TRIPPE, Judge.

1. The authority given by charter to the mayor and council of Athens to keep the streets and public roads in good order and repair, did not confer upon them the power to establish and carry on a ferry across the Oconee river which runs through the town. A ferry does not come within the terms, streets and public roads. The grant of a right to build a bridge conveys no ferry franchise, nor does the right to a ferry carry with it the power to erect a bridge: 9 *Georgia,* 517; 14 *Georgia,* 1; Code, sec. 703. Much less would the grant to a municipal corporation, of power to keep in order and to repair streets and roads, confer on it the power to establish and work a ferry.

2. This being so, the corporation is not liable to an action by one who claims damages for an injury to his property caused by the negligence of the ferryman in transporting it across such a ferry. In The Mayor, etc., of Albany *vs.* Cunliff, 2 Coms. 165, it was held that in order to charge a corporation in an action on the case for negligence in the performance of a public work, the law must have imposed a duty or conferred the power to do such work. A clear distinction is drawn in the authorities between cases where the act done is within the scope of the corporate powers as given by the charter or by special statute, and those cases where it is clearly *ultra vires,* and not within the power of the corporation to act in reference to the matter at all. If the act complained of be not in this sense *ultra vires,* that is, if it be

within the scope of such duties and powers as are prescribed by law, the corporation is liable for the negligence of its servants in their performance of such duties and powers. But if such wrongful act is outside of its special or general powers, it is not liable, whether it was done by command directly of the corporate authorities, or resulted from the negligence of its officers in the performance of such unauthorized work : See 2 Dillon on Mun. Corp., sec, 766, *et seq.*, and authorities cited. This principle distinguishes this case from that of *The Mayor and Aldermen of Savannah vs. Wilson & Gibson*, 49 *Georgia*, 476. The municipal authorities of Savannah had the power by law to establish and erect a market house, but not in the street where it had temporarily erected one. In exercising the authority granted them, they abused it to the injury of some of the citizens, and were held liable. So an action will lie against a city corporation by the owner of land through which its agents have unlawfully made a sewer: 11 Gray, 345. Also for trees destroyed and injuries done by them: 5 La. An., 660. These and the like, are cases arising out of illegal acts, but which spring from matters or transactions within the general or special powers of the corporation : See 19, Pick., 576 ; 46 Mo. 546 ; 40 N. Y. 442. Neither the case in 49 *Georgia*, or those last cited are like the one under consideration. It comes within the principle that where the act is clearly *ultra vires,* outside of and beyond any power or duty conferred on the corporation, and was not done in the performance of such duty or power *as is directly* granted, or which was within the scope of those which are conferred, there is no corporate liability.

Judgment affirmed.