## DOGGETT *v.* EXCHANGE BANK.

1. Though a trial judge may erroneously refuse to allow certain specific questions to be answered by a witness, yet this is not cause for a new trial when it affirmatively appears that, in response to similar questions propounded to the

witness during the course of his examination, he was subsequently permitted to testify fully with respect to the matters to which the questions first asked related.

2. The finding of the jury in the present case was not without evidence to sustain it.

Argued May 29, — Decided July 20, 1901.

Foreclosure of mortgage.    Before Judge Lumpkin.    Fulton superior court.    October 3, 1900.

A mortgage of Mrs. Doggett to Simmons was dated May 23, 1894, and was security for a note of that date for $651.67 and interest from date.    The note and mortgage were transferred to the bank after maturity.    To a proceeding to foreclose the mortgage Mrs. Doggett filed a plea of total failure of consideration, alleging that Simmons had procured her signature to the papers by guaranteeing to recover for her, in a suit to be filed for her against one Sims, $1,600 rents, and $300 damages.    She prayed for dismissal of the rule, and for general relief.    By amendment she alleged, that Simmons procured the mortgage by fraud and misrepresentation; that in 1886 a mortgage for $400 was given by her to Simmons, by reason of the promises above set out, and in order to secure him for his services as attorney for her in the case mentioned; that, after the termination of the suit, it was agreed between her and Simmons that in order that she might borrow money to pay off a mortgage to one Pharr, which was superior to that given to Simmons, he should cancel his mortgage and she should give him another on the same property, for $400 and interest from date, which should be second to the mortgage given to the lender; that in pursuance of this agreement the original mortgage to Simmons was canceled, money to pay off the Pharr mortgage was borrowed, and she gave Simmons the mortgage sought to be foreclosed; that she did so without reading it and without its being read to her, and relying on the representation of Simmons, which was false and fraudulent, that he had drawn it in compliance with the agreement, under which agreement, as above stated, it was to be for $400, instead of for the amount stated in it.    The plea set up also a partial failure of consideration, because the fee for which the mortgage was given was excessive, and should have been not more than $200; but the court struck that part of the plea, on demurrer, and there was no exception to that ruling. There was a verdict for the plaintiff, and the defendant excepted to the overruling of a motion for new trial.

*T. C. Battle* and *J. K. Hines,* for plaintiff in error.

*Rosser & Carter,* contra.

LUMPKIN, P. J.    The nature of the controversy involved in this case and of the issues upon which it was tried in the court below is fully disclosed by the statement of facts appearing in the official report.

1. Complaint is made in the motion for a new trial that Mrs. Doggett, who was introduced as a witness in her own behalf, was not permitted to answer certain specific questions propounded to her with a view to eliciting testimony to the effect that she did not intend to give a mortgage for more than $400 and accrued interest; that she did not think the mortgage signed by her was for a greater amount; that the understanding and agreement between herself and Simmons was that she should give a mortgage for only $400 and interest; and that, by reason of fraudulent misrepresentations made to her by Simmons at the time of the execution of the instrument sought to be foreclosed, she was induced to believe that she was signing a mortgage drawn up in accordance with such understanding and agreement.    In the order overruling the motion, his honor of the trial bench states, as a reason for not regarding the complaint above referred to as meritorious, that:    "The evidence tending to show what was the amount agreed on, &c., was at first objected to and ruled out, as set out in the motion for new trial, in the absence of any prayer or effort to reform or correct the contract.    But afterwards substantially the same questions were asked, and the evidence went in without objection, as the brief of evidence will show, and the charge submitted to the jury evidence which so went in."    In the light of this explanation, and in view of the fact that the record before us discloses that Mrs. Doggett was permitted to testify fully with respect to the matters concerning which her counsel sought to interrogate her, we concur in the view of the trial judge that no real injury resulted from the rulings excepted to, even conceding that they may have been erroneous.    A similar conclusion was announced in the recent case of *White* v. *Columbus Iron Works Co.,* 113 *Ga.* 577, which, upon its facts, is closely in point.

2. As the evidence fully warranted the verdict, no good reason appears for sending the case back to the trial court for another hearing.        *Judgment affirmed.    All the Justices concurring.*