### 10919.   HAMMOND *v.* CITY OF ATLANTA.

STEPHENS, J.   1. A municipality is not liable for a tortious injury resulting from the acts of its servants or officers while engaged in the performance of their governmental duties.   The maintenance and operation, by a municipality, of a fire department for the purpose of preventing and extinguishing fires being a governmental duty, the municipality is not liable in damages to a bystander upon one of its sidewalks, who was knocked down and hurt by a hose-reel which was being operated by firemen of the municipality while engaged in an attempt to extinguish a fire.   See, in this connection:   *Love* v. *City of Atlanta,* 95 *Ga.* 129 (22 S. E. 29, 51 Am. St. R. 64) ; *Watson* v. *City of Atlanta,* 136 *Ga.* 370 (71 S. E. 664) ; *Rogers* v. *City of Atlanta,* 143 *Ga.* 153 (84 S. E. 555).   The above ruling is clearly distinguishable from that in *City Council of Augusta* v. *Cleveland,* 148 *Ga.* 734 (98 S. E. 345), where it was held, that, where the employees of a city in the exercise of a governmental function left a dangerous obstruction in the sidewalk, the city was nevertheless liable to one not chargeable with negligence who was injured thereby, since it was the duty of the city to maintain and keep its sidewalks safe and free from dangerous obstructions.

2. The petition failed to allege a cause of action, and was properly dismissed on demurrer.

> *Judgment affirmed.   Jenkins, P. J., and Smith, J., concur.*
>
> DECIDED MAY 5, 1920.

Action for damages; from city court of Atlanta — Judge Reid. September 13, 1919.

Application for certiorari was denied by the Supreme Court.

*W. R. Hammond,* for plaintiff in error.

*J. L. Mayson, J. M. Wood,* contra.