16043. AUTREY *v.* CITY COUNCIL OF AUGUSTA.

Under the ruling of the Supreme Court in *Cornelisen* v. *City of Atlanta,* 146 *Ga.* 416 (1), a municipality, in the maintenance of a park intended primarily for the use and benefit of the public at large, is not liable for a negligent condition of a part of its water system located in the park and devoted solely to the control of the flow of water into a pool forming a part of the park, and used only for the general purpose thereof in the promotion of the pleasure and health of the citizens, although the city's general water system may be operated as a private endeavor for gain.

DECIDED APRIL 17, 1925.

Action for damages; from Richmond superior court—Judge A. L. Franklin. October 20, 1924.

Application for certiorari was made to the Supreme Court.

Mrs. Mary J. Autrey brought suit against the City Council of Augusta, to recover damages in the sum of $5,000, because of injuries received by her in a public park maintained by the city for the use and recreation of its inhabitants, when she stepped into a "cut-off" (or hole) for water furnished to a pool or basin in the park connected with the city's water system.

The petition alleged that the "cut-off," or hole, was about two feet deep and, that although it had been formerly covered by a wooden lid, at the time of her injury the lid was off and the defendant had permitted grass to grow about the hole so as to obscure it, and that when she stepped into it she was thrown violently to the ground and seriously hurt. The plaintiff's injuries were caused solely by the negligence of the city, in that it "negligently maintained said hole in which was said cut-off; in that it permitted said hole to be partly uncovered, occasioned by one half or more of said cover becoming split and remaining off of said hole; in that it did not cover over and protect said hole containing said cut-off; in that it permitted grass to grow around and over said hole so as to form a man-trap; and in that it failed to notify or warn pedestrians of the presence of said dangerous hole." The "cut-off" with the box around it was constructed and maintained by the city council, "acting through its waterworks committee and department, which committee and department is separate and distinct from the committee and department having under its supervision and control the trees and parks of the City of Augusta. It is the duty of the said waterworks committee and department to construct and maintain with due care the said cut-off and box, and it was due to the negligence of the City Council of Augusta, acting through its waterworks committee and department, as set forth in said petition, that the plaintiff was injured and damaged as set forth in said petition, and the said waterworks system of the City of Augusta is operated by the City Council of Augusta in its private capacity and for profit and gain." The condition of which she complains had existed for such length of time that the city knew or should have known of it. The plaintiff had presented her claim to the governing authorities of the city more than thirty days before the filing of the petition, as required by section 910 of

the Civil Code. The court sustained a general demurrer to the petition, and the plaintiff excepted.

*Peebles & Bowden,* for plaintiff.

*Archibald Blackshear,* for defendant.

BELL, J. (After stating the foregoing facts.)

In *Cornelisen* v. *City of Atlanta,* 146 *Ga.* 416 (1) (91 S. E. 415), the Supreme Court held as follows: "Where a city maintains a park primarily for the use of the public, intended as a place of resort for pleasure and promotion of health of the public at large, its operation is in virtue of the governmental powers of the municipality, and no municipal liability would attach to the non-performance or improper performance of the duties of the officers, agents, or servants of the city in respect to keeping the park safe for use by members of the general public. It would not affect the public character of the duties of the officers, agents, or servants of the city that a purely incidental profit might result to the city from its operation or management of the park." This ruling was made in answer to a certified question. For a statement of the facts see 19 *Ga. App.* 436. The decision in that case seems to control the case under consideration. See also *City of Warrenton* v. *Smith,* 149 *Ga.* 567 (101 S. E. 681).

While, as was further said in the *Cornelisen* case, a municipality may be held liable for the neglect or improper performance of a duty arising under proper charter authority, relating to a municipal endeavor which is of a private nature "primarily for revenue and promotion of municipal welfare," there is nothing in the present petition, considered as a whole, to remove the case from the operation of the general rule that in those instances where the duty of the municipality is of a purely public nature, "intended for the benefit of the public at large without any pretense of private gain to the municipality," there is no liability for negligence in regard thereto.

It is true the petition alleges that the waterworks system of the City of Augusta is operated by the city "in its private capacity and for profit and gain," but it affirmatively appears from all of the allegations made that the particular part of its system described in the petition as a "cut-off" was used for no other purpose than to control the flow of water into a pool in the park, and was therefore devoted only to the benefit of the general public, "without

'any pretense of private gain to the municipality." The court did not err in sustaining the demurrer and dismissing the petition. · *Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*