No. 2292

Second Circuit

GODFREY v. CITY OF SHREVEPORT

(April 8, 1927. Opinion and Decree.)
(May 13, 1927. Rehearing Refused.)
(July 11, 1927. Writ Refused by Supreme Court.)

(*Syllabus by the Court*)

1. Louisiana Digest—Municipalities — Par. 19.

The establishment by municipal corporations of public parks and playgrounds for recreation and to promote the health, education and general welfare of its citizens is a governmental function.

2. Louisiana Digest—Municipalities — Par. 244, 246, 251.

A municipality is not responsible for damages committed by its agents and appointees while such agents or appointees are exercising for it governmental functions.

3. Louisiana Digest—Municipalities — Par. 19, 244, 245.

A municipality in maintaining a public park is engaged in a governmental activity and is therefore not liable for injuries caused through negligent conditions therein.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by W. P. Godfrey against City of Shreveport.

There was judgment for defendant sustaining exception no cause of action and plaintiff appealed.

Judgment affirmed.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for plaintiff, appellant.

B. F. Roberts, M. T. Monsour, of Shreveport, attorneys for defendant, appellee.

ODOM, J. This is a suit instituted by Tindy Godfrey, a minor, eleven years old, through his father, against the city of Shreveport, to recover damages for injuries received while playing in a municipal park established and maintained as a place of public amusement and playground for children by the municipality.

According to the allegations of the petition, the city of Shreveport established on Anna street, within the city limits, a park or playground for the recreation of children and caused to be erected therein a "chute" or slide for the amusement of children, and that it invited and encouraged children, including the said minor, to use the same; that in the construction, establishment and maintenance of said

"chute" or slide the · city was guilty of negligence and carelessness in that the said "chute" or slide was approximately nine feet high and at an angle of forty-five degrees, making it too high and too steep; that the ground was very· firm and hard at the bottom of said slide and that no mat or pad or other soft material was placed under the same for children using it to fall upon, and that no attendant was in charge of said "chute" or slide to receive, superintend, care for and protect children in the use thereof.

It is further alleged that said device was inadequate and insufficient for the protection of children and to them it was a dangerous and attractive nuisance.

It is further alleged that said child used said "chute" or slide by climbing to the top thereof and by sliding down to the other end to the ground, and in doing so fell with great force upon the ground and was permanently injured.

The city tendered an exception· of no cause of action, which was sustained by the lower court. Hence this appeal.

## OPINION

The case hinges mainly on the question, whether the city of Shreveport, in establishing, maintaining and operating the public park and playground, was performing a governmental function.

Counsel for the city contend that it was, and defend on that ground.

Counsel for plaintiff, on the contrary, contend that· in establishing the park the city was acting in a private proprietary capacity and is liable to the same extent as a private corporation would be.

·We quote the following from Supplement Volume· 5, Ruling Case Law, page 1059, Section 407:

"On the question of the liability of ·a municipal corporation for injuries received in consequence of. negligent conditions existing in a public park maintained by the city, the authorities are divided, but a majority of the cases, taking into consideration that parks are established with the view and purpose of furnishing to the people at large a place for free recreation to promote the health and general welfare of the public, and as a means of adding to the beauty of a city, support the view that a municipality, in maintaining a public park, is engaged in a governmental activity, dischargng a public duty, and is therefore not liable for injuries caused through negligent conditions therein."

The rule is stated in identically same language in a case-note following the leading case of Emmons vs. Virginia, (152 Minn. 295, 188 N. W. 561), reported in 29 A. L. R., page 860. (Case-note on page 863.)

The annotation is quite exhaustive; the leading cases, pro and con, are cited and reviewed.

Since that note was completed, in 1924, the Supreme ·Court of Utah, in the case of Alder vs. Salt Lake City, 64 Utah 568, 231 Pacific 1102, decided on December 30, 1924, said:

"While there are some cases to the contrary, the great weight of judicial opinion is that the maintenance of parks and playgrounds is a public and governmental function."

And it was held that the city was not liable for negligent conditions in the park.

In two other recent cases, decided in 1925, the appellate court of Georgia (Mil-

ler vs. Savannah, 33 Ga. App. 360, 126 S. E. 807; and Autrey vs. Augusta, 33 Ga. App. 757, 127 S. E. 796), it was held that under the ruling of the Supreme Court of that state in the case of Cornelisen vs. Atlanta (146 Ga. 416, 91 S. E. 315), a municipality maintaining a park intended primarily for the use and benefit of the public is not liable for negligent conditions existing therein.

In a recent Mississippi case, decided in 1925 (Byrnes vs. Jackson, 105 Southern 861), the court held, on the contrary, that a municipal corporation may be held liable for negligent conditions existing in a public park owned and operated by the city.

In that case the city maintained in the park a zoo in which there was a ferocious bear which had been taken out of its cage and chained to a stake in the park. A visitor to the park was injured by the bear, and the city was held liable.

But that decision was probably influenced by the well-established legal doctrine that one keeping a ferocious animal does so at his peril and is liable for whatever damages he may cause.

In the case of Ramirez vs. City of Cheyenne, decided December 15, 1925, 241 Pacific 710, the Supreme Court of Wyoming held that a municipal corporation may be held liable for injuries to children caused by the negligent condition of playground apparatus placed in the park by the city and allowed by it to become out of repair.

But the ruling was based upon the ground that in maintaining the playground the city must be regarded as acting as a substitute for a charitable or benevolent body performing a public service, and like such body liable for injuries caused by its own negligence.

In another recent case, that of Warden vs. City of Grafton, decided May 26, 1925, (128 S. E. 375), the Supreme Court of West Virginia held that it is the duty of a municipality operating a public place to exercise ordinary care in the construction and maintenance of mechanical devices erected therein for the amusement and recreation of the public frequenting such places, and for a breach of such duty the city will be held liable in damages for injuries to one using such appliances.

The court did not hold, however, that municipalities, in establishing and maintaining public parks and playgrounds, were not discharging a governmental function; but the holding seems to be based upon the theory that the duty and responsibility of a city, with reference to parks and playgrounds, is analogous to its duty and responsibility with reference to streets and highways.

That is the point stressed by counsel for plaintiff in the case at bar in an able and exhaustive brief.

The maintenance of public streets and avenues by municipal corporations is a governmental function, and it is generally held that municipalities are liable for negligence in failing to keep them in safe condition and repair.

But the liability of cities with respect to streets and highways · is a well-recognized exception to the general rule of immunity granted to municipalities in their exercise of governmental functions.

It is argued by counsel that a similar exception should be made in the case of maintenance of public parks and playgrounds.

The exception in the case of streets and highways is founded upon public policy and expediency and is recognized by all the courts and some legislatures. It is held that the nature of the use of streets and avenues is dissimilar from the nature of the use of public parks and playgrounds. The public may use the parks but must use the streets. The reasons for imposing liability in the case of the streets are not applicable with reference to public parks and playgrounds. Courts have generally held, with some notable exceptions, that the establishment and maintenance of parks and playgrounds by municipalities is a public governmental function, and that seems to us the correct view.

So holding, we must further hold, under the decisions of our own Supreme Court, accepting as true, as we must, the allegations of plaintiff's petition, the defendant is not liable in this case.

In the case of City of Trenton vs. State of New Jersey (262 U. S. 182, 67 Law. Ed. 937), the Supreme Court of the United States said:

"The distinction between the municipality as an agent of the state for governmental purposes and as an organization to care for local needs in a private or proprietary capacity has been applied in various branches of the law of municipal corporation. * * * Recovery is denied where the act or omission occurs in the exercise of what are deemed to be governmental powers and is permitted if it occurs in a proprietary capacity."

In the case of Bolster vs. City of Lawrence, (225 Mass. 387, 114 N. E. 722,

L. R. A. 1917B 1285), the court said, with reference to the liability of municipal corporations for negligence, etc.:

"The underlying test is whether the act is for the common good of all without the element of special corporate benefit or pecuniary profit. If it is, there is no liability; if it is not, there may be liability."

Our own courts have recognized this distinction in many cases.

In the case of West Monroe Mfg. Co. vs. Town of West Monroe, 146 La. 641, 83 South. 881, the court said:

"Municipalities exercise two-fold functions—the one governmental or public, and the other municipal or private. For damages occasioned while in the performance of the first they are exempt from liability; for acts done while in the performance of the second the majority of cases hold that they stand on the same footing as individuals."

And the court cites and quotes from 28 of New Orleans, 159 La. 443, 105 South. 443, the court said:

In the recent case of Howard vs. City of New Orleans, 159. La. 443, the court said:

"This court has recognized for some years that a municipality is not responsible for damages committed by its agents and appointees, while such agents and appointees are exercising for it governmental functions."

In that case it reviewed the former jurisprudence on the subject.

Public parks and playgrounds are established by municipalities to promote the general welfare of the public at large. As places of recreation and amusement such parks promote the health and education.

of the citizens. In establishing and maintaining them the municipality exercises that sovereignty delegated to it for the welfare of its inhabitants. It derives no corporate gain therefrom and has no proprietary or corporate interest therein. Electric light and waterworks plants, street railways, and the like, are in the nature of private corporate enterprises established for the purpose of municipal gain. In the establishment of such governmental agencies the municipality acts in a proprietary capacity and as to them under the law the same duty and responsibility is imposed as is imposed upon private corporations.

But not so with reference to public parks. They are established to promote public health and education. It is almost universally held that the establishment of departments of police, schools, health and fire by cities is a governmental function.

4 Dillon on Municipal Corporations, 5th ed., Sections 1656 to 1661.

Wigal vs. Parkersburg, 74 W. Va. 25, 81 S. E. 554.

Our holding is, that when the city of Shreveport established the park and playground it performed a purely governmental function and cannot be held liable under the allegations of plaintiff's petition.

For the reasons assigned, the judgment appealed from is affirmed with costs in both courts.