19452. REID *v.* CITY OF ATLANTA.

Decided April 9, 1929.

*Breen, Finch & Padgett,* for plaintiff.

*J. L. Mayson, C. S. Winn, J. C. Savage,* for defendant.

Luke, J. The only question raised by the record in this case is whether or not the trial judge erred in sustaining the general demurrer to the petition, which is in substance as follows:

"The petition of Harry Reid, by C. L. Reid as next friend, shows to the court: 1. That the defendant herein named is the City of Atlanta, a municipal corporation, etc. 2. That the defendant has injured and damaged your petitioner in the sum of $5,000, by reason of the facts hereinafter set out. 3. That the defendant is the owner of an amusement park, located in Atlanta, State and county aforesaid, commonly known as Piedmont Park. 4. That the primary object of the said park is pecuniary gain to the defendant in its operation. 5. That therein the defendant maintains and operates the following sports, devices, and amusements for a fee, admission, or charge: golf links wherein a fee is charged each player per round; tennis courts wherein each player is charged a fee for each hour played; a riding course wherein the defendant rents ponies owned by it, for a charge or fee per circuit of the track; a lake which is reputed to contain fish, and for which a charge is made upon each angler to fish therein; that the defendant rents boats at a charge or fee per hour; that the defendant maintains a swimming pool at one end of the lake, for use of which bathers are charged admission thereto; that adjacent to the said building the defendant maintains a building wherein it leases concessions to vendors of wieners, popcorn, peanuts, ice cream and soda water, bathing suits and other equipment; that upon the golf links there is a building wherein the defendant rents out concessions for the sale of food and drinks, and for the rent and sale of golf accessories. 6. That there is, contiguous and adjacent to the foregoing enterprises, several acres of land which

are purely incidental to the operation of the foregoing amusements and devices for profit. 7. That the said park is not maintained primarily for the use of the public, intended as a place of resort for pleasure and promotion of health of the public at large, but primarily for the purpose of profit. 8. That the said amusements, sports and devices can not be used or enjoyed by a person except upon payment of the fee demanded by the defendant in each case, and of each person. 9. That the City of Atlanta has charter authority to operate an amusement park. 10. That on or about July 18, 1928, at 2:30 p. m., your petitioner had paid the admission charge to enter the swimming pool of the defendant. 11. That in the said pool the defendant maintains a slide for the use of such persons who are lawfully in the said pool. 12. That the slide was constructed of sheets of metal which overlapped, and the said metal had, through continued use, cracked, so that an opening therein was created whenever the weight of a body passed down the slide. 13. That the slide was defective and of a dangerous nature. 14. That the defendant had actual and constructive knowledge of the dangerous condition of the said slide for a period of more than two weeks prior to the injury hereinafter complained of. 15. That at the said time and place plaintiff entered the said slide, which was exposed to the use of bathers, without warning of the dangerous and defective condition of the slide. 16. That in descending the same, petitioner's hand became lodged in the opening in the metal set out above, and the little finger of plaintiff's right hand was jerked, snatched, and violently torn off. 17. That the loss of the said finger caused plaintiff intense pain, etc. 18. That the defendant was negligent in the following particulars: (a) in failing to repair the slide; (b) in failing to maintain a barrier or to warn plaintiff of the defective condition of the slide. 19. That plaintiff notified the defendant of his claim for damages more than thirty days prior to the filing of this suit. Wherefore petitioner prays that process issue," etc.

A careful analysis of the foregoing petition satisfies us that, construed as a whole and most strongly against the plaintiff, it is subject to general demurrer, for the reason that it shows that the park was maintained primarily for the use of the public as a place of resort for pleasure and promotion of the health of the public at large, and was therefore operated in virtue of the govern-

mental powers of the municipality. In this regard the allegations of the petition at bar make a stronger case than those in *Jones* v. *City of Atlanta,* 35 *Ga. App.* 376 (133 S. E. 521). In this connection, see *Watson* v. *City of Atlanta,* 136 *Ga.* 372 (71 S. E. 665), where, in sustaining a general demurrer to a petition in an action for damages for personal injuries alleged to have been sustained in consequence of being run down by an ambulance, the court said: "Had the distinct allegation been made that the hospital was established and operated for private gain and profit by the city, quite another case would have been made from that presented in this petition."

However, "municipal corporations are creatures of statute, and only those powers granted, either expressly or by fair implication, can be exercised by them." *Cannon* v. *Americus,* 11 *Ga. App.* 98 (74 S. E. 702). What might be termed a corollary of the foregoing truism is the rule that a municipality is not liable for the ultra vires acts and negligence of its officers and agents. See 43 C. J. 933, § 1711; *Roughton* v. *Atlanta,* 113 *Ga.* 950 (39 S. E. 316).

In our opinion, the allegation in paragraph 9 of the petition that "the City of Atlanta has charter authority to operate an amusement park" falls far short of alleging that the city had charter authority to operate an amusement park *primarily as a source of revenue;* and, for this reason, we think the petition is fatally defective.

In conclusion, we can not do better than quote the headnotes of the decision in the case of *Cornelisen* v. *Atlanta,* 146 *Ga.* 416 (91 S. E. 415). They are as follows: "1. Where a city maintains a park primarily for the use of the public, intended as a place of resort for pleasure and promotion of health of the public at large, its operation is in virtue of the governmental powers of the municipality, and no municipal liability would attach to the non-performance or improper performance of the duties of the officers, agents, or servants of the city in respect to keeping the park safe for use by members of the general public. It would not affect the public character of the duties of the officers, agents, or servants of the city that a purely incidental profit might result to the city from its operation or management of the park. 2. But if the city, having charter authority, maintain the park primarily

as a source of revenue, the duty of maintaining it in a safe condition for the use for which it is intended would be ministerial, and municipal liability would attach for breach of such duty." *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*