## 19213.   NEWTON *v.* CITY OF MOULTRIE.

DECIDED MAY 15, 1929.

*Hill & McElvey, Dowling & DeLoache,* for plaintiff.

*Hoyt H. Whelchel,* for defendant.

JENKINS, P. J.   The allegations of the petition show: that the City of Moultrie constructed a steam-plant for the purpose of generating electricity and pumping water to supply its citizens with lights·and water; that thereafter it leased the electric-light plant to Baker County Power Company, but retained the water system, and reserved such use of the steam-plant as was necessary to pump water.   The power company owned and operated a hydro-electric plant, and the steam-plant thus leased from the city was used only in emergencies.   It was so constructed that when put in operation, either to pump water or to generate electricity, the electric current from the dynamos attached to the steam-plant went out over the lines of the power company outside the City of Moultrie, unless prevented from doing so by the use of a switch at the plant.   The power company and the city jointly employed a superintendent and a fireman of the steam-plant, the superintendent being paid by the city, the fireman by the power company, but each of them being subject to the orders of both the city and the company.   A minor employed by the power company was killed by reason of the alleged negligence of the superintendent in turning the current from the steam-plant onto the lines of the company outside the city, in pursuance of the company's business in serving its outside customers, after having been instructed by the power

company not to do so. The instant suit is brought against the city by the father of the deceased employee, to recover for the homicide. The court sustained a general demurrer to the petition. .It is insisted by the city that the act of the superintendent was without the corporate powers of the city, and, therefore, ultra vires; and that it was not within the scope of his employment as a servant of the city.

1. Municipal corporations are not liable for failure to perform, or for errors in performing, their legislative or judicial powers. For neglect to perform, or for improper or unskilful performance of their ministerial duties, they are liable. Civil Code (1910), § 897. Thus, to hold a chartered city liable for the negligent act of its servant or agent, the act complained of must be both within the corporate powers of the municipality and within the scope of the employment of the servant or agent. *Collins* v. *Macon,* 69 *Ga.* 542; *McDonald* v. *Butler,* 10 *Ga. App.* 845, 847 (74 S. E. 573).

2. As a general rule, a municipal corporation can not, without express or implied authority granted in its charter, exercise its corporate powers beyond the limits of the municipal boundaries. *Langley* v. *Augusta,* 118 *Ga.* 590 (45 S. E. 486, 98 Am. St. R. 133); *Mayor &c. of Gainesville* v. *Dunlap,* 147 *Ga.* 344 (2) (94 S. E. 247).

3. Since the only authority conferred upon the defendant municipality to erect and maintain an electric-light plant is contained in the general welfare clause of its charter, and since, under the ruling made by the Supreme Court in *Mayor &c. of Gainesville* v. *Dunlap,* supra, such authority does not extend beyond its corporate limits, the act of the joint superintendent in turning the current from the steam-plant onto the lines of the power company outside the city, in pursuance of the company's business in serving its outside customers, even if within the scope of the superintendent's employment as a servant of the city (see *Hotel Equipment Co.* v. *Liddell,* 32 *Ga. App.* 590, 124 S. E. 92), was not within the scope of the corporate powers of the city, such as could render it liable for an improper performance of its ministerial duties. *Judgment affirmed. Stephens and Bell, JJ., concur.*