### 19468. Petty v. City of Atlanta.

Bell, J. 1. Under the rulings of the Supreme Court in *Cornelisen* v. *City of Atlanta,* 146 *Ga.* 416 (91 S. E. 415), where a city, in the maintenance of a park intended primarily for the promotion of the pleasure and health of the public at large, provides therein a swimming pool to be used for the same purpose, it is not responsible in damages for the negligent condition of an adjunct of the swimming pool, although a purely incidental profit might result from the operation thereof, and the city would have no authority to operate the swimming pool mainly as a source of revenue, in the absence of charter power to do so.

2. Neither under section 6 of the act approved August 23, 1927, amending the charter of the city of Atlanta (which section is quoted in the petition), nor under any other provision of its charter, has such municipality any authority to maintain a park or swimming pool primarily as a commercial enterprise for the purpose of adding revenue to the city treasury. See Ga. L. 1927, p. 779; *Cooper* v. *Athens,* 53 *Ga.* 638; *Mayor &c. of Leesburg* v. *Putnam,* 103 *Ga.* 110 (29 S. E. 602); *Keen* v. *Waycross,* 101 *Ga.* 588 (29 S. E. 42); *Frank* v. *Atlanta,* 72 *Ga.* 428 (1 b); *Lofton* v. *Collins,* 117 *Ga.* 434 (2) (43 S. E. 708, 61 L. R. A. 150); 44 C. J. 1101.

3. "All laws and resolutions of the General Assembly, as published by authority, shall be held, deemed, and considered public laws,'and recognized judicially without proof." Civil Code (1910), § 5797. "A demurrer only admits such facts as are well pleaded, and where the bill alleges facts as true which are contradicted by legislative acts and records of which the court is bound to take judicial notice, it can not hold such facts to be true, and they will not prevent the sustaining of the demurrer." *Griffin* v. *Augusta & Knoxville R.*, 72 *Ga.* 423 (2 *d*).

4. If, as alleged in the petition, the municipal officers undertook to maintain the park and the swimming pool as a private commercial enterprise for the purpose of financial gain to the city, the endeavor was ultra vires and no liability would attach to the municipality from acts or omissions of the city's officers or employees in connection therewith. *Cooper* v. *Athens*, 53 *Ga.* 638 (2); *Wood* v. *Floyd County*, 161 *Ga.* 743 (2) (131 S. E. 882); and see also, in this connection, *Autrey* v. *Augusta*, 33 *Ga. App.* 757 (127 S. E. 796); *Jones* v. *Atlanta*, 35 *Ga. App.* 376 (133 S. E. 521); *Reid* v. *Atlanta*, 39 *Ga. App.* 519 (147 S. E. 789); *Newton* v. *Moultrie*, 39 *Ga. App.* 702 (148 S. E. 299).

5. The petition failed to set forth a cause of action, and the general demurrer thereto was properly sustained.

*Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 17, 1929.

*Walter A. Sims,* for plaintiff.
*J. L. Mayson, C. S. Winn, J. C. Savage,* for defendant.