25774.   WATKINS *v.* CITY OF TOCCOA.

DECIDED SEPTEMBER 18, 1936.   REHEARING DENIED DECEMBER 16, 1936.

*William B. Jones,* for plaintiff.   *C. M. McClure,* for defendant.

GUERRY, J.   Ed. T. Watkins brought an action against the City of Toccoa, for alleged failure to furnish him a safe place to work, by reason of which he was injured.   He alleged that he was employed by said city and was engaged in the hauling and installation of certain equipment known as sanitary toilets.   This equipment was being hauled by the city from the place of its manufacture to various places where it was being erected on private property.   "For each sanitary toilet so installed the City of Toccoa made a definite charge in excess of the cost of manufacture and installation thereof, which excess was a net profit to the City of Toccoa."   The petition further alleged that the City of Toccoa was

engaged "in the business of manufacturing and installing said sanitary toilets for private and pecuniary gain and for private gain and profit." The judge dismissed the action on general demurrer.

■ The Code, § 69-301, declares that "Municipal corporations shall not be liable for failure to perform, or for errors in performing, their legislative or judicial powers. For neglect to perform, or for improper or unskilful performance of their ministerial duties, they shall be liable." A municipal corporation in the exercise of its corporate functions performs two classes of service: (1) governmental duties, and (2) private corporate, or ministerial duties; and under the above-quoted code section, it has been uniformly held in this State that for injuries arising out of the exercise of the former a municipality can not be held liable in damages, but may be held liable for injuries arising out of the exercise of the latter. For a full discussion of this principle and for citations of authorities, see *Brannan* v. *Brunswick,* 49 *Ga. App.* 62 (174 S. E. 186). In Lampton *v.* Wood, 199 Ky. 250 (250 S. W. 980), quoted approvingly in *Brannan* v. *Brunswick,* it was said: "A municipality performs governmental functions in the exercise of its corporate powers, because such powers are exercised by it for the benefit of the public generally, and in their exercise it represents and is an arm of the State, such as its exercise of powers pertaining to the public health and to the maintenance of charitable, penal, reformatory, and similar public institutions; but when it exercises only such powers and privileges as are peculiarly for its own benefit, or the benefit of its own citizens, or those of its immediate locality, it is acting in a strictly corporate capacity." In the present case Watkins alleges that at the time of the injury he "was working under the direction, supervision, and control of the City of Toccoa, and was engaged in hauling and installing certain equipment known as sanitary toilets;" that "said equipment or sanitary toilet was constructed of heavy lumber and of the size of approximately 4x4x8, having a top thereon but no bottom, and were top heavy;" that said equipment was hauled in a small truck owned and operated by the City of Toccoa; that "said equipment was not fastened or tied on said truck or together in any manner, but were merely placed thereon in an upright position, causing them to extend about nine feet above the ground, leaving them standing on said truck in an unsteady and top-heavy position and

obviously easy to tilt over and fall;" that on the day in question, he was riding on the back of said truck for the purpose of unloading and installing the sanitary toilets thereon, and that in going down an alley in the City of Toccoa the driver of the truck turned to one side to go around a cow standing in the street, causing one of the sanitary toilets to catch upon a wooden awning on a building abutting on said alley, which caused the toilet to topple and fall upon petitioner causing named injuries.

The manufacture and installation of sanitary toilets by a municipality is obviously one tending to promote the health of its citizens, and therefore one which tends to promote the general welfare and health of the citizens of the State at large. Under rulings of this court and of the Supreme Court, (1) that the operation and maintenance of a fire department and apparatus by a municipality is the exercise of a governmental power (*Miller* v. *Macon,* 152 *Ga.* 648, 110 S. E. 873), (2) that the operation and maintenance of equipment and employees for the purpose of keeping the streets free from waste is the exercise of a governmental function (*Mayor &c. of Savannah* v. *Jordan,* 142 *Ga.* 409, 83 S. E. 109, L. R. A. 1915C, 741, Ann. Cas. 1916C, 240), (3) that the maintenance by a municipality of its sewerage drainage system in a good-working and sanitary condition is a governmental function (*City Council of Augusta* v. *Cleveland,* 148 *Ga.* 734, 98 S. E. 345), (4) that the erection and maintenance of a city prison by a municipality is a governmental function (*Gray* v. *Griffin,* 111 *Ga.* 361, 36 S. E. 792, 51 L. R. A. 131), and (5) that the operation of a park primarily for the use of the public, intended as a place of resort for pleasure and promotion of health of the public at large, is the exercise of a governmental function (*Cornelisen* v. *Atlanta,* 146 *Ga.* 416, 91 S. E. 415; *Reid* v. *Atlanta,* 39 *Ga. App.* 519, 147 S. E. 789; *Petty* v. *Atlanta,* 40 *Ga. App.* 63, 148 S. E. 747), it can hardly be open to dispute that the City of Toccoa in manufacturing and installing sanitary toilets was in the exercise of a governmental function. It is alleged that the "City of Toccoa was engaged in the business of manufacturing and installing said sanitary toilets for private and pecuniary gain and for private gain and profit, did make and was making, for the benefit of the City of Toccoa, a profit for each and every toilet installed." This allegation, petitioner contends, makes the city

liable for negligence committed in connection with the manufacture and installation of the sanitary toilets. We can not agree that this allegation is sufficient to show that the city, *having charter authority,* manufactured and installed these sanitary toilets, *primarily* as a source of revenue. The fact that in performing acts tending to promote the health of its citizens, viz., the manufacture and installation of sanitary toilets, the city derived therefrom a profit would not make it liable for negligence in performing those acts, in the absence of an allegation that it had charter authority to manufacture and install sanitary toilets primarily as a source of revenue. *Reid* v. *Atlanta,* supra. We are of the opinion that the first count of the petition was properly dismissed on demurrer.

Another count in the petition alleges that the awning which the toilet struck and caused said toilet to be thrown on petitioner constituted an obstruction in said street, which was not temporary, reasonable, or necessary, and charges the city with negligence in allowing said obstruction to exist. No extended discussion of the various allegations of this count is necessary; for it is plainly apparent from the petition that the obstruction, if it were such, was not the proximate cause of the plaintiff's injuries, but that the act of the driver of the truck in attempting to drive around the cow in the street, thus bringing the truck so close to the building as to allow the awning to strike the toilet, was the proximate cause of the injury. The petition was properly dismissed on demurrer.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*