26330. CITY OF ATLANTA *v.* GARNER.

SUTTON, J. 1. "Municipal corporations shall not be liable for failure to perform, or for errors in performing, their legislative or judicial powers. For neglect to perform, or for improper or unskillful performance of their ministerial duties, they shall be liable." Code, § 69-301. This section has been construed as intending to declare that municipal liability should attach only for neglect to perform, or for improper or unskillful performance, of ministerial duties, leaving intact "the common-law doctrine, frequently applied in this State before and since the adoption of the Code, of non-liability for conduct of officers, agents, and servants of municipal corporations in respect to duties devolving

upon them in virtue of the sovereign or governmental functions of the municipality." *Cornelisen* v. *Atlanta*, 146 *Ga.* 416 (91 S. E. 415).

2. Where a plaintiff files suit against a municipal corporation to recover damages for the negligent homicide of her husband while engaged in repairing, under its direction, its city auditorium, the petition not specifically stating for what purpose the auditorium was maintained, but reciting that the municipal corporation leased or rented the same from time to time for private purposes for gain, the petition, construed most strongly against the pleader on demurrer, will be held to mean that the auditorium was maintained by the municipal corporation primarily as a public institution for the use and benefit of its citizens. In using labor to repair the roof of such a public institution the municipal corporation was engaged in the exercise of a governmental power.

3. Where a municipal corporation maintains a city auditorium primarily for the use and benefit of the public, its operation and maintenance are by virtue of the governmental powers of the municipality, and no municipal liability attaches to the non-performance or improper performance of the duties of the officers, agents, or servants of the city in respect to keeping the building safe for use by members of the general public, or for failure to provide, for one engaged in making repairs to such building, a safe place to work. *Watson* v. *Atlanta*, 136 *Ga.* 370 (71 S. E. 665); *Cornelisen* v. *Atlanta*, supra.; *Miller* v. *Macon*, 152 *Ga.* 648 (110 S. E. 873); *Reid* v. *Atlanta*, 39 *Ga. App.* 519, 521 (147 S. E. 789); *Petty* v. *Atlanta*, 40 *Ga. App.* 63 (148 S. E. 747); *Mayor &c. of Savannah* v. *Lyons*, 54 *Ga. App.* 661 (189 S. E. 63); *Roberts* v. *Savannah*, 54 *Ga. App.* 377 (187 S. E. 908); *Watkins* v. *Toccoa*, 55 *Ga. App.* 8 (189 S. E. 270).

4. Where it is alleged that in operating a city auditorium the municipal corporation derived profit by renting or leasing the same from time to time for private purposes, in the absence of an allegation that it had charter authority to rent or lease such public building primarily as a source of revenue, no liability attaches to the city where one is injured, because of the negligence of the city's agents, while at work in repairing such building. *Reid* v. *Atlanta*, supra.; *Watkins* v. *Toccoa*, supra.

5. Applying these principles of law to the facts of the present case, where the plaintiff brought suit against the municipal corporation to recover damages for the homicide of her husband, alleging that while engaged upon the roof in making repairs to and remodeling its city auditorium he was fatally injured by the collapsing, falling, and caving in of a portion of the roof of the building, due to certain named acts of negligence of the defendant through its employees, the repairs and remodeling being made from funds which were provided by the Works Progress Administration of the United States Government, by which the deceased at the time was employed and paid, the possession of the auditorium, the place of work, and the right to direct the manner of repairs and remodeling being reserved by the city, and all labor performed thereon being under the supervision and observation of the city through its vice-principal, agents, representatives, and em-

ployees, the entire remodeling, including engineering and architectural supervision, and all work and labor being under the direct control of the agents of the city, and further alleging that the defendant in maintaining the auditorium leased or rented it from time to time for private purposes, from which it derived and received revenue, the court erred in overruling a general demurrer on the ground that the petition did not set forth a cause of action.

6. In holding as above, no ruling is made as to whether or not the plaintiff might, under the facts alleged, have a right to recover under the workmen's compensation act for the homicide of her husband.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

DECIDED SEPTEMBER 23, 1937.

*J. C. Savage, C. S. Winn, Bond Almand, J. C. Murphy,* for plaintiff in error.

*Clint W. Hager, J. F. Kemp,* contra.