27001. CITY OF BRUNSWICK *v.* BARRETT.

DECIDED NOVEMBER 21, 1938.

*Bernard N. Nightingale,* for plaintiff in error.

*D. P. Phillips, J. T. Powell, Young H. Fraser, Krauss & Strong,* contra.

GUERRY, J. Miss Bartie Ragsdale (now Mrs. Bartie Barrett) instituted the present action against the City of Brunswick. She seeks damages for certain injuries alleged to have been sustained by her while she was a pay patient in the Brunswick City Hospital, owned and operated by the defendant, which injuries she alleged resulted from the negligence of the agents and servants of the defendant in charge of said hospital. Her petition alleged, in part: "The said defendant is the owner, and operates, maintains, and controls that certain institution in the City of Brunswick, Georgia, known as the Brunswick City Hospital. And such patients who are able to pay, the said defendant charges them for all medical and hospital service and attention, just the same as any other hospital charges for such services and attention." By amendment she alleged: "'The City of Brunswick operates the said city hospital primarly for pecuniary gain and private profit; and that the charter of the City of Brunswick, contained in the acts of the Georgia legislature of 1906, page 562, § 3, among other things, provides that the said mayor and council of the City of Brunswick . . be and is hereby authorized and empowered to maintain and operate a hospital in said city . . 'To charge and receive money for treatment in the said hospital, and generally to do and perform all such things as may be proper and necessary to carry into effect the purpose of this section.' . . Petitioner shows that she was a pay patient in the said hospital, and paid for all medical service and attention received by her in the said hospital. That she was not a free patient nor in any charity ward." The defendant in its answer alleged: "It was and is operating said hospital for the benefit of the health of, and for the relieving from pain and suffering, the inhabitants of said city and other persons, under the charter powers conferred on it by an act of the General Assembly of Georgia passed in 1906, set out in § 3 of the Acts of that year, on pages 561 and 562; . . and while the defendant does charge pay patients who come to said hospital for treatment, the defendant also furnishes at said hospital the same treatment free of charge to those persons who come there for treatment and who are not able to pay therefor; and that said hospital is not maintained nor operated for the purpose of making money nor as a paying institution, and in fact said hospital has never been a self-sustaining institution. . ."

By way of elaboration of the general grounds of the motion for new trial, the defendant insists that a new trial should be granted because the plaintiff failed to prove that the city operated the hospital "primarily for pecuniary gain." In an action ex delicto brought against a municipality, for injuries alleged to have been sustained in a hospital owned and operated by the municipality, the plaintiff has the burden of proving that the hospital was operated for the special or immediate profit of the municipality. *Watson* v. *Atlanta*, 136 *Ga.* 370 (71 S. E. 664) ; *Mayor &c. of Savannah* v. *Lyons*, 54 *Ga. App.* 661 (189 S. E. 63) ; *City of Columbus* v. *Webster*, 51 *Ga. App.* 270 (180 S. E. 512) ; *Reid* v. *Atlanta*, 39 *Ga. App.* 519 (147 S. E. 789) ; *Nabell* v. *Atlanta*, 33 *Ga. App.* 545 (2) (126 S. E. 905). Under the ruling in the *Watson* case, supra, it is not sufficient in this connection to show merely that the plaintiff paid for services received while in the hospital. In the present case the plaintiff's proof went no further than this, and a verdict in her favor can not be upheld. This does not conflict with the ruling made when the case was formerly before this court (56 *Ga. App.* 575). While by the former decision the law of the case was established that the judge should not by his instructions authorize the jury to return a verdict for the defendant on the theory that the hospital was operated as a charitable institution, unless there is evidence that the hospital was so operated, this can not be said to amount to a ruling that the plaintiff would be entitled to recover in the absence of such proof. Under the ruling there made, the most the defendant was entitled to, upon failure of evidence that the hospital was operated as a charitable institution, was a nonsuit, and not a verdict in its favor on the merits of such issue.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. Upon the former trial of this case, this court held that there was "no evidence that the hospital was operated as a charitable institution in the exercise of a governmental function," and reversed the judgment because the court charged the jury that if they should find that the hospital was purely a charitable institution operated by the City of Brunswick, the city would not be liable to the plaintiff. That decision, whether right or wrong, became the law of the case, and is binding on this court, since on the trial now under review there was no evidence that the hospital was operated as a charitable institution.