## 31457.   CLAY *v.* CITY OF ROME.

Decided February 7, 1947.

*James Maddox,* for plaintiff.  *M. G. Hicks,* for defendant.

GARDNER, J.  The only question presented is whether at the time of the alleged injury the employees and agents of the City of Rome were engaged in a governmental function to the extent that the defendant would not be liable in damages for their negligent acts in performing this governmental function.  It is conceded by the plaintiff that the maintenance and operation of a fire department by a municipality is a governmental function, and that in a proper case the municipality is not liable for the negligence of its agents and employees.  It is contended by the plaintiff that the provisions of the Code, § 69-301 do not apply to the facts of this case.  That section reads: "Municipal corporations shall not be liable for failure to perform, or for errors in performing, their legislative or judicial powers.  For neglect to perform, or for improper or unskillful performance of their ministerial duties, they shall be liable."

It is also contended that the decisions of the appellate courts in construing that section do not apply to the allegations of fact in the instant case.  Counsel for both parties admit that there have been many decisions rendered by our appellate courts on the question before us.  They cite very few of those decisions to maintain their respective contentions.  We agree with them that there are many such decisions which will be found annotated under said Code section.  We do not think that we can add anything to what has been said on the subject.  Since we have set forth verbatim the material allegations of the petition and the demurrer, suffice it to say that at the time of the alleged injury the agents and employees of the City of Rome were engaged in the performance of a governmental function.  It therefore follows that the City of Rome is not liable for the negligent acts of its agents and employees in this case.  We will, however, cite the cases which the plaintiff relies on for a reversal in order that anyone interested may compare the facts and reasoning in those cases to the facts and conclusions in the instant case.  Those cases are: *Hammond* v. *Atlanta,* 25 *Ga. App.* 259 (103 S. E. 39) ; *McFarland* v. *McCaysville,* 39 *Ga. App.* 739 (148 S. E. 42) ; *Cornelisen* v. *Atlanta,* 146 *Ga.* 416 (91

S. E. 415) ; *City Council of Augusta* v. *Cleveland,* 148 *Ga.* 734 (4, 5) (98 S. E. 345).

When we read these decisions in their entirety, they are not authority for the contentions of the plaintiff. We think they are authority to sustain the judgment on the demurrer. Counsel for the city rely on only two cases: *Hammond* v. *Atlanta,* supra, and *Love* v. *Atlanta,* 95 *Ga.* 129 (22 S. E. 29, 51 Am. St. R. 64). We find no authority which in our opinion touches the question before us which would authorize the reversal of the judgment.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*