32080. FOSTER *et al. v.* MAYOR &c. of SAVANNAH.

Decided June 18, 1948. Rehearing denied July 8, 1948.

**348**

*Aaron Kravitch,* for plaintiffs.
*John C. Wylly, Fred B. Davis,* for defendant.

SUTTON, C. J.   (After stating the foregoing facts.)   The present action is based on alleged negligence of the city in failing to remove obstructions in its sewerage system, or in general terms, in failing to properly maintain its sewerage system, including the failure after notice to remove an obstruction in its sewer line which caused an overflow of water and sewage into plaintiffs' store and damage to their goods and business as alleged. In an action in tort against a municipality based on negligence, a distinction is made as to liability, dependent on whether the tort arose from negligence in the exercise of, or the failure to perform, a governmental function, for which the municipality is not liable; or whether it arose from negligence in the exercise of, or the failure to perform, a ministerial function, for which

the municipality is liable. See Code, § 69-301. The line of distinction between what is the exercise of a governmental function and what is a ministerial function is not always clear; but in this State it has been settled by judicial decisions that the duty of a city to maintain its sewerage and drainage system in a good working and sanitary condition is a governmental function. See *City Council of Augusta* v. *Cleveland*, 148 *Ga.* 734 (98 S. E. 345), where it was held: "1. The duty of a city to maintain its sewerage-drainage system in a good working and sanitary condition is a governmental function. 2. Such maintenance of a sewerage system has reference to the preservation of the public health. 3. This court will take judicial notice of that fact. 4. This court will also take judicial cognizance of the fact that the cleaning out of an essential part of a city's sewerage-drainage system for the purpose of keeping it open and unclogged by dirt, sand, or other foreign substances, so that it can properly perform its functions as a part of the system, is a necessary work in a proper maintenance of the system, and is a work connected with the preservation of the public health." In so holding the assumption was made that the system was not operated for profit and that no substantial charges were made for the ordinary use, enjoyment, and benefits of the system. In the present case it is not alleged that the sewerage system was operated for profit, or that substantial charges were made for the ordinary use, enjoyment, and benefits of the system, and as the case is here upon the sustaining of a general demurrer to the petition, it will be assumed that the system is not operated for profit, and that no substantial charges are made for the ordinary use, enjoyment, and benefits of the system. Under the facts alleged the present action is one based on negligence in the exercise of, or the failure to perform, a governmental function, for which there is no liability against the defendants. In this connection see *Brannan* v. *Brunswick*, 49 *Ga. App.* 62 (174 S. E. 186); *Watkins* v. *Toccoa*, 55 *Ga. App.* 8 (189 S. E. 270); *Harvey* v. *Savannah*, 59 *Ga. App.* 12 (199 S. E. 653); *Mayor &c. of Savannah* v. *Jones*, 149 *Ga.* 139 (99 S. E. 294); *Clay* v. *Rome*, 74 *Ga. App.* 754 (41 S. E. 2d, 337).

Where a municipality in the exercise of its functions, both governmental and ministerial, creates a nuisance which is spe-

cially injurious to an individual, such individual may have a cause of action for damages, and negligence is not an essential ingredient of the action. *City of·Macon v. Roy,* 34 *Ga. App.* 603, 605 (130 S. E. 700). Also see *City of Macon v. Macon Paper Company,* 35 *Ga. App.* 120 (132 S. E. 136); *Langley v. Augusta,* 118 *Ga.* 590, 598 (45 S. E. 486, 98 Am. St. R. 133); *Kea v. Dublin,* 145 *Ga.* 511 (89 S. E. 484). The plaintiff in error cites and relies upon some of the cases next above cited, but they are not applicable or controlling in this case.

The case of the *City of Atlanta v. Trussell,* 21 *Ga. App.* 340 (94 S. E. 649), cited and relied upon by the plaintiff in error, was decided prior to the *Cleveland* case, supra, and if the ruling in that case conflicts with the *Cleveland* case, the same must yield to the ruling in the *Cleveland* case. The cases of *Mayor &c. of Savannah v. Spears,* 66 *Ga.* 304, and *Mayor &c. of Savannah v. Cleary,* 67 *Ga.* 153, were based on special statutory liability, and have no application to the present case. We have considered the other cases cited by the plaintiff in error, but they are distinguishable on their facts from this case and do not authorize or require a different ruling from the one made in this case.

The court did not err in sustaining the general demurrer to the plaintiff's petition as amended and in dismissing the action.

*Judgment affirmed. Felton and Parker, JJ., concur.*