## 44174. SMITH v. BOARD OF EDUCATION OF THE CITY OF MARIETTA.

QUILLIAN, Judge. The plaintiff filed a claim against the Board of Education of the City of Marietta. The petition alleged in part that: the defendant operated a public school known as the Marietta High School; as a part of the school facilities there is an auditorium "designed for civic and school functions"; the defendant rented the auditorium to Mrs. Myrta Chatfield, d/b/a Chatfield-Frank School of Dance, for the purpose of conducting a recital on May 28, 1968, for the pupils of her dance school; the dance school was a privately owned business; the plaintiff was invited to attend the recital; while leaving the building at the conclusion of the recital, the plaintiff fell on a defective step and sustained certain injuries; the defendant was negligent in failing to repair the defective step.

The defendant filed a motion to dismiss the claim which was sustained. The plaintiff appealed and the case is here for review. *Held*:

The plaintiff contends that the defendant school board was engaged in a ministerial rather than a governmental function at the time of her injury because it had rented the auditorium for the purpose of obtaining revenue, to a private dance school. With this contention we cannot agree. As authority for her position the plaintiff relies on *Mayor &c. of Savannah v. Cullens,* 38 Ga. 334, in which the City of Savannah was held liable for injuries the plaintiff received when she fell in a market-house which the city rented to vendors of marketable produce. The *Cullens* case is distinguishable from the case sub judice because in that case the primary purpose of the market-house was to raise revenue by way of rental to private vendors. Under those circumstances the operation of the market-house was private in nature and not a governmental function.

In the present case the operation of the auditorium was primarily for the use and benefit of the public in the nature of "civic and school functions." It would not affect the public character of its use that some incidental revenue might have been received from the rental of the auditorium. *Cornelisen v.*

*City of Atlanta,* 146 Ga. 416 (91 SE 415). See *City of Atlanta v. Garner,* 56 Ga. App. 435 (192 SE 841).

The sustaining of the motion to dismiss was not error.

> *Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

ARGUED FEBRUARY 3, 1969—DECIDED MARCH 3, 1969—REHEARING DENIED MARCH 25, 1969—

*G. Robert Howard, Ingram & Flournoy, Robert E. Flournoy, Jr.,* for appellant.

*Holcomb, McDuff & Dennis, Frank D. Holcomb, Robert E. McDuff,* for appellee.