## 55228. LEAKE v. CITY OF ATLANTA.

DEEN, Presiding Judge.

Mrs. Jewell P. Leake filed suit against the City of Atlanta seeking damages for the wrongful death of her husband alleging that the city had permitted the sewer drain on the grounds of Moreland Elementary School to become a nuisance and that on March 28, 1975, while attempting to unclog the sewer line with a high pressure water hose, the city's maintenance crew negligently dropped the hose which then jerked around violently, struck her husband, and inflicted mortal injuries resulting in his death on the following day. The city denied Mrs. Leake's allegations and moved for summary judgment claiming that it was in the exercise of a governmental function at the time plaintiff's husband was injured. Mrs. Leake appeals from an order of the Superior Court of Fulton County which granted defendant's motion.

1. "The power to construct and maintain a sewer and drainage system is a governmental function [Cits.]" *City*

*of Rome v. Turk,* 235 Ga. 223, 224 (219 SE2d 97) (1975). However, "[a] municipality may not itself create and maintain a nuisance which results in injury to person, or inflicts or involves damage to private property, without subjecting itself to civil liability for its wrongful and unlawful act. This is true, as a general rule, regardless of whether or not the thing done or omitted resulting in the nuisance constituted negligence; and moreover the municipality cannot escape liability on the ground . . . that in performing the work the municipality was exercising a governmental function." 18 McQuillin, Municipal Corporations (3d Ed., rev.), p. 268, § 53.59d. Thus, "a municipal corporation cannot under the guise of performing a governmental function create a nuisance dangerous to life or health. *Delta Air Corp. v. Kersey,* 193 Ga. 862, 870 (20 SE2d 245, 140 ALR 1352)." *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834, 838 (165 SE2d 141) (1968).

"A nuisance is anything that works hurt, inconvenience or damage to another." Code Ann. § 72-101. "Whether a nuisance is shown to have been maintained *must be determined by investigation* of whether the city constructed the work in an unskilful and improper manner, or *negligently maintained the sewers,* or whether, as constructed, the work injuriously affected the health of the plaintiff. The applicable law is stated in *Southland Coffee Co. v. Macon,* 60 Ga. App. 253, 256 (3 SE2d 739): It is never to be presumed that the law intended that the right to construct and maintain a system of drainage carries with it the right to construct or maintain it in such a way as to endanger the health or life of another." *Lawrence v. City of LaGrange,* 63 Ga. App. 587, 589 (11 SE2d 696) (1940). (Emphasis supplied.) If a sewer is under the control of a city and it is a nuisance and the city does not abate it, the city may be said to have maintained it and it is thereby a continuing nuisance and the city is liable. *Bass Canning Co. v. MacDougald Const. Co.,* 174 Ga. 222 (162 SE 687) (1931); *Smith v. City of Atlanta,* 75 Ga. 110 (1885).

2. In her petition, Mrs. Leake alleges that defendant had for many years maintained the sewer in such a manner as to cause water to back up from and upon the

sewer drain basis located in the schoolyard, and that defendant by operating and maintaining the sewer in such a condition created and maintained a nuisance dangerous to property, health and life. She further alleged that the death of her husband was proximately caused by defendant's maintenance of this nuisance. "On a motion for summary judgment the burden of establishing the nonexistence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence. [Cit.]" *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429) (1973). Applying this rule to Mrs. Leake's papers, it appears that there are genuine issues of fact that must be resolved by a jury. The affidavit of Landrum Finch, a witness to the accident, indicates that this drain had been stopped up for many years and that the water had recently begun to invade his house. Mr. Finch claims that he called the sewer department sometime early in March, 1975, and requested that a crew be sent to unclog the drain. When they did not respond, he called again on March 27, 1975, to repeat his request. The sewer department produced records of only the March 27 call and stated that their records only went back for three years, but during that period they had no record of other complaints that the drain was blocked. The introduction of the record of Mr. Finch's call of March 27 and this statement is not sufficient to pierce the allegations contained in Mrs. Leake's complaint and Mr. Finch's statement in his affidavit. Unlike the petition in *Johnson v. City of Atlanta,* 117 Ga. App. 586, 588 (161 SE2d 399) (1968), Mrs. Leake alleges that this condition continued for many years. "The whole idea of *nuisance* is that of either a continuous or regularly repetitious act or condition which causes the hurt, inconvenience or injury. . . A single isolated occurrence or act, which if regularly repeated would constitute a nuisance, is not a nuisance until it is regularly repeated." *Southeastern Liquid Fertilizer Co. v. Chapman,* 103 Ga. App. 773, 775 (120 SE2d 651) (1961).

Therefore, a jury question exists as to whether or not a nuisance existed and whether this nuisance was the proximate cause of Mr. Leake's injury and death. As there is no evidence in the record to indicate that the alleged nuisance had been abated prior to the work crew's insertion of the high pressure hose down the drain, it is a jury question as to whether the act of removing the hose before the pressure was turned off was an act of continuing the nuisance. The city's defense of contributory negligence is also a jury question.

3. Plaintiff's petition also alleges that the city had charged plaintiff and her husband a substantial amount for the use of the sewer and that the sewer drain in question is operated from said funds in an economically self-sustaining manner. On appeal, she argues that the city employees were performing a ministerial function when her husband was injured because the city charges a substantial fee for the use of the sewer system. See *Mayor &c. of Savannah v. Cullens,* 38 Ga. 334 (1868). We find this argument to be without merit. The affidavit of Charles L. Davis, Commissioner of Finance of the City of Atlanta, reveals that the sewer service rates are based on a formula that provides for payment of principal and interest and not depreciation, that in 1975 the system sustained a $400,879 deficit, and that the city does not accrue any benefits from revenues collected from the sewer system. In *Smith v. Bd. of Ed. of the City of Marietta,* 119 Ga. App. 441 (167 SE2d 615) (1969), this court held that the board of education was not engaged in a ministerial rather than a governmental function at the time of plaintiff's injury because it had rented the auditorium to a dance school for the purpose of obtaining revenue. The court distinguished *Mayor &c. of Savannah v. Cullens,* supra, because in that case the primary purpose of the market-house was to raise revenue for the city. In the case sub judice, plaintiff does not allege that the city operates its sewers primarily for the raising of revenue, and the affidavit of the Commissioner of Finance successfully pierces any judicial construction of her pleadings that the City of Atlanta operates the sewer system primarily for profit.

However, as there are genuine issues of fact as to the

nuisance, this judgment must be reversed.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED FEBRUARY 1, 1978 — DECIDED MAY 3, 1978 — REHEARING DENIED MAY 22, 1978 — 

*Pye, Groover & Pye, Durwood T. Pye,* for appellant.
*Ferrin Y. Mathews, Charles M. Lokey,* for appellee.